## HAGADON vs. CAMPBELL.

1. Assignments of error founded on extraneous matter in the record, which does not pertain to the case between the appellant and appellee, will be stricken out.

2. When a defendant in a judgment at law is garnisheed as the debtor of the plaintiff, and pays the amount of the judgment to the attaching creditor, he may avail himself of the payment by a motion to enter satisfaction of the judgment against him.

Appeal from the Circuit Court of Montgomery. Tried before the Hon. Robert Dougherty.

Hagadon, having obtained a judgment in his own name against Campbell, in the Circuit Court of Montgomery, caused a writ of *fieri facias* to be issued thereon. At the return term of this writ, Campbell moved the court to enter satisfaction of the judgment on which it was issued, on the ground that Shipman & Gerding, who were judgment creditors of Hagadon for a much larger sum than Hagadon's judgment against him, had obtained a judgment against him at that term of the court, on a writ of garnishment, for the full amount of Hagadon's judgment against him, and that he had paid the money into court under this judgment. Hagadon resisted the motion, alleging that the debt against Campbell did not belong to him, but to Cleflen, Mellen & Co., his transferrees. The court granted the motion to enter satisfaction, except as to the costs, which, it appeared, had not been paid; and this judgment is now assigned for error, with other matters immaterial to an understanding of the opinion.

Williams & Cocke, for appellant.

Watts, Judge & Jackson, *contra*.

LIGON, J.—In the bill of exceptions and assignments of error, in this case, we find matters introduced which do not pertain to the case between the parties to the record. Hagadon and Campbell are the only parties; and yet the assignments of

error involve some matters to which Shipman & Gerding, and not Campbell, should have been brought in, as appellees ; and others, to which Cleflen, Mellen & Co. would be the only proper parties appellant. Where foreign matter is thus introduced into the bill of exceptions, in the primary court, and errrors are assigned upon it in this court, such assignments will be stricken out.

Divested of all extraneous matter, the case made by the record presents but a single question : that is, Can a defendant in a judgment at law, in whose hands the sum due on such judgment has been condemned, on garnishment, in favor of the plaintiff, and who has paid the sum to the judgment on such garnishment, avail himself of such payment on a motion to enter satisfaction of the origininal judgment against him ?

There is no doubt that he can ; otherwise, the plaintiff would have the benefit of two satisfactions, the one made to himself, and the other to his creditor, and the defendant would thus be made to pay the money due twice.

Let the judgment be affirmed.