# Ex parte Murphy.

*Application for writ of Habeas Corpus.*

1. *Habeas corpus by father for custody of child; when properly refused.* Where, on the hearing of an application by a father for a writ of *habeas corpus,* to obtain the custody of his child from the latter's maternal grandmother, with whom he had been left by a dying mother, in the absence of the father in a distant State, it is shown that the child was sick, requiring and receiving the tenderest nursing, and that the child's sickness would render it at least perilous to attempt his removal, his sickness is a sufficient reason for refusing the relief sought.

2. *Same.*—Should, however, the child's health become ·established,

the application can be renewed; but it further appearing that the father had been intemperate, and evidence introduced on his behalf tending to show that he had reformed, it would seem that a sufficient time should be allowed to elapse, to test the fact and sincerity of the father's reformation, the welfare of the child being the paramount inquiry.

APPLICATION to this court for writ of *Habeas Corpus*, the same having been refused by Hon. THOS. L. FRAZER, Judge of Probate of Lee county.

The facts are stated in the opinion.

Names of counsel for respective parties not disclosed by the record.

STONE, J.—This was an application by *habeas corpus*, sued out by the father, to obtain possession of his infant male child, about twenty months old. The child is in the possession of his maternal grandmother, with whom he was left by his dying mother, then living apart from her husband. The judge of probate denied relief, and left the child with his grandmother. The present is an appellate application, to obtain a review and reversal of the probate judge's ruling. The writ was sued out before the probate judge, November 27th, 1883, and was heard by him a few days afterwards, on oral proofs.

About July or August, 1882, petitioner went to Texas, leaving his wife and infant son with her mother, Mrs. Dickens, the respondent in this suit. Petitioner did not return to Alabama until ten days or two weeks before he filed his petition in this cause. He was with his father, a well-to-do farmer of moderate means, who had employed him to labor and live with him the then next, now present year, and agreed to furnish a home to him and his child. The mother of the child died while the father was absent in Texas. There is no conflicting testimony on the following subjects of inquiry: That both the grandmother Dickens, and the grandparents Murphy, are able to maintain and support the child, and are suitable persons to have its custody; that the child is a very delicate one, requiring and receiving the tenderest nursing from its grandmother, and that, at the time of the trial, he was sick in bed, too sick to be brought before the court; and, for several months before he went to Texas, it is shown the father was quite intemperate. The proof is, that before that time he was temperate, moral and industrious. There is no testimony that the petitioner has any means or property of his own.

On the following questions there was conflict in the testimony : First, whether he deserted his wife, or she deserted him ; second, whether at the time of the separation, he was supporting his wife and child; and third, whether on the day

[Shealy & Finn v. Edwards.]

he sued out the writ of *habeas corpus*, the petitioner was drunk in the city of Opelika. He swore on the trial that since leaving for Texas, he had reformed, and was a sober man. The judge of probate, as shown in his sworn return, states the first and third of the above inquiries, namely, that he had deserted his wife and child, and was drunk in Opelika on the day he sued out the writ, were proven before him. The witnesses were examined in the presence of the judge of probate, and he had much better opportunities of judging of their intelligence and credibility than we can have.—*Nooe v. Garner*, 70 Ala. 443. The sickness of the child at that time, rendering it at least perilous to attempt his removal, was itself a sufficient excuse for refusing the relief prayed for. Should the child's health become established, the application can be renewed; but it would seem that a sufficient time should be allowed to elapse to test the fact and sincerity of the petitioner's reformation. The welfare of the child is the paramount inquiry.—*Ex parte Boaz*, 31 Ala. 425; Schouler on Dom. Rel. 340 *et seq.*; *Brinster v. Compton*, 68 Ala. 299.

Writ of *habeas corpus* denied.