BUTTON, Respondent, vs. AMERICAN MUTUAL ACCIDENT ASSOCIATION, Appellant.

*December 19, 1895 — January 7, 1896.*

*Accident insurance: "Intentional injuries."*

1. An injury intentionally inflicted on the insured by another is an "accidental injury," if unintentional on the part of the insured.
2. A provision in an accident policy that it shall not cover "intentional injuries,"— those words being used in connection with a long list of injuries, all of which imported more or less of intention, consent, or participation by the insured,— is *held* not to include injuries inflicted intentionally by a third person but which are unintentional on the part of the insured.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Phillips & Hicks*,

and oral argument by *E. R. Hicks.* They contended, *inter alia*, that the insured cannot recover for injuries intentionally inflicted by another person, although the insured himself did not intend the infliction of the injuries. *Fischer v. Travelers' Ins. Co.* 1 L. R. A. 572; *De Graw v. Nat. Acc. Soc.* 51 Hun, 142; *Travellers' Ins. Co. v. McConkey,* 127 U. S. 661; *Hutchcraft's Ex'r v. Travelers' Ins. Co.* 87 Ky. 300. All injuries that originate with the insured directly or indirectly are covered by the term "self-inflicted injuries." Those inflicted by another are not. All injuries not self-inflicted that arise from the design of another are included in the term "intentional injuries." It is necessary to give meaning to both terms, and in doing so an injury intentionally inflicted by another person is excluded from the terms of the policy.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham.* They argued, among other things, that intentional injuries are those which the insured intentionally receives. He contracts with reference to his own intention, not with reference to the intention of some person over whom he has no control. Richards, Ins. 213; Cooke, Life Ins. 81; *Hutchcraft's Ex'r v. Travelers' Ins. Co.* 87 Ky. 300, 12 Am. St. Rep. 484–486; Niblack, Benefit Societies (2d ed.), 746; *Richards v. Travelers' Ins. Co.* 89 Cal. 170; *Utter v. Travelers' Ins. Co.* 65 Mich. 545.

WINSLOW, J. This is an action upon a policy of accident insurance. During the life of the policy the plaintiff was injured by the intentional discharge of a firearm at him by an unknown person. The policy insured the plaintiff against death or injuries through "external, violent, and accidental means," but contained a clause providing that it did not insure against death or injury resulting, wholly or in part, directly or indirectly, from any of the following causes, viz.: Suicide or self-inflicted injuries, felonious or otherwise, sane

or insane; war or riot; wrestling; fighting; lifting (foreign to the pursuit of occupation); racing; gymnastics; exposure to unnecessary dangers; intentional injuries; taking poison; contact with poisonous substances; inhaling gas, chloroform or any anæsthetic; medical or surgical treatment; sunstroke or freezing; hernia; fits; vertigo; and sleepwalking. The only question raised is whether this policy covers injuries intentionally inflicted by another person.

It seems quite well settled that an injury intentionally inflicted on the insured person by another is an "accidental injury," when such injury is unintentional on the part of the insured. Cooke, Life Ins. § 50. Unless, therefore, there is some provision of the policy which excludes liability for such injuries here, the plaintiff must recover. It is claimed that the clause providing that the policy shall not cover "intentional injuries" excludes liability for such injuries. In support of this contention a number of authorities are cited, holding that where the policy excludes liability for "intentional injuries inflicted by the insured or *by any other person*," the insured cannot recover, even though the insured did not participate in the intention. *Travellers' Ins. Co. v. McConkey*, 127 U. S. 661. Such a holding seems reasonable, in view of the words used. But here the words are simply "intentional injuries," and the question is, Whose intention is referred to? We think it must be held that the word "intentional," as here used, refers to the insured alone. The words, "intentional injuries," are in close connection with a long list of injuries, all of which import more or less of intent, consent, or participation by the insured, and are evidently excluded because of such intent, consent, or participation; the idea evidently being that the risk should be one which the insured cannot, by intent or consent, or by his own act, produce or hasten. Had it been the intention to exclude another class of injuries, namely, those inflicted intentionally by a third person only, it would have been

easy to do so by a very few plain words. In the absence of such words, we construe the words under the familiar rule of "*noscitur a sociis.*" The plaintiff was entitled to the judgment which he recovered.

*By the Court.*— Judgment affirmed.

As to intentional injuries, and as to the general question what constitutes an accident within the meaning of an accident insurance policy, see note to *Fidelity & C. Co. v. Johnson* (72 Miss. 333) in 30 L. R. A. 206.—REP.

