TOM KASCOUTAS, Administrator, Appellee, v. FEDERAL LIFE
INSURANCE COMPANY, Appellant.

**INSURANCE:** Accident Insurance—Strict Construction in Favor of
1   Insured. When the provisions of an accident policy differentiate
between indemnity (1) for accidental *death* and (2) for accidental
*disability*, an exemption from liability for *disability* if the injury be
intentionally inflicted by a person other than the insured will not
be applied if the injury goes beyond a *"disability,"* and results in
*"death."*

**INSURANCE:** Accident Insurance—Murderous Assault. A death re-
2   sulting from a murderous assault on a blameless person is a death
effected by *"accidental"* means as to the victim.

**INSURANCE:** Murder of Insured by Beneficiary. The administrator
3   of an insured who has been murdered by the beneficiary may sue
on the policy.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

NOVEMBER 22, 1921.

REHEARING DENIED MARCH 11, 1922.

ACTION at law, to recover upon a policy of insurance issued
to Sam Kascoutas, since deceased. There was a directed verdict
and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Free & Pickus* and *C. A. Atkinson,* for appellant.

*McCormick & McCormick,* for appellee.

WEAVER, J.—I. The petition avers the issuance of a policy
by the defendant company to Sam G. Kascoutas against loss
resulting from bodily injuries effected, directly and independ-
ently of all other causes, through external, violent, and acci-
dental means, and providing, among other things, that, if in-
juries so received shall result, independently of all other causes,
in the loss of the life of said insured person, the company will
pay to Gus Kascoutas, beneficiary named in the policy, the sum

of $1,000. It is further alleged that, while said policy was still in full force and effect, the said Sam G. Kascoutas sustained bodily injuries by gunshot wounds, from which he died within three hours; that such injuries were effected, directly and independently of all other causes, through external, violent, and accidental means; and that such injuries did result in the death of said insured, independently and exclusively of all other causes. It is still further alleged that said bodily injuries upon the insured were inflicted by Gus Kascoutas, beneficiary named in the policy; that because of such act said beneficiary became disqualified to take said benefits; and that the plaintiff, as administrator of the estate of the deceased, succeeded thereto. The sufficiency of the petition was not challenged by motion or demurrer.

For answer to the claim so stated, defendant admitted the issuance of the policy as alleged, and admitted the death of the insured, but denied that the plaintiff, as administrator of the estate of the deceased, became entitled to demand or recover the promised benefits. The answer further pleads that the policy issued to deceased contained a clause reading as follows:

"This policy does not cover disability resulting from intentional injury of the insured inflicted by himself or any other person—assaults for the purpose of robbery or burglary excepted—whether fatal or nonfatal."

It is then finally alleged that deceased "met his death by reason of injuries intentionally inflicted by another person, which was not an assault for the purpose of robbery or burglary," and that for such injury and such death defendant is in no manner liable upon the policy.

The issues joined were twice tried in the court below. On each trial it was stipulated or otherwise made to appear in evidence that the policy was issued as alleged, and that, while it was in full force and effect, the insured was intentionally shot and killed by Gus Kascoutas, the named beneficiary, and that plaintiff is the duly appointed administrator of the estate of the deceased. The first trial resulted in a directed verdict and judgment for the defendant, and plaintiff appealed therefrom. In this court, the ruling appealed from was affirmed, on grounds held to effect an abatement only, and the cause was remanded,

without prejudice to the right of plaintiff to amend. When remand was made, an amendment was filed to the petition, curing the alleged defect in the original pleading. See 189 Iowa 889. At the conclusion of the evidence offered on the second trial, the court overruled the defendant's motion for a directed verdict in its favor, and directed a verdict in favor of the plaintiff.

In disposing of the case on the first appeal, we had occasion to construe and pass upon the legal effect of the clause in the policy on which defendant chiefly relies. It reads as follows:

1. INSURANCE: accident insurance: strict construction in favor of insured.

"This policy does not cover disability resulting from intentional injury of the insured, inflicted by himself or any other person (assaults for the purpose of robbery or burglary excepted), whether fatal or nonfatal."

We there held that, as the policy undertook to insure the policyholder against both accidental death and disability, and as the exception or exemption clause had reference to "disability" only, such exception was not available as a defense to the plaintiff's action to recover indemnity for a death loss. Directly upon this point, the opinion says:

"True, the policy does purport to deal with both loss of life and with disability. But it does not follow that, therefore, the exempting clause deals with anything more than *disability*. And if the only contract exemption is confined to *disability* caused by intentional injuries, then no contract relieves as to *death* from such injuries. And, as said, no law stands in the way of collecting insurance on the death of a murdered insured, except that, if the murderer be the beneficiary, *he* cannot be the recipient of the payment. We must, then, settle whether the exempting proviso is not limited to *disability* caused by the murder—to what is suffered from the crime during the time in which the victim survives the attack."

Following this statement of the question, we discussed the application and effect of various precedents, and, pointing out the distinction which the policy itself makes between indemnity for death losses and indemnity for disabilities, we said:

"With this distinction recognized by the insurer, it still, and in terms, limited the proviso to 'disability.' It may, therefore, well be said that no exemption from payment of death loss

was intended. This is strict construction, but is demanded by the law.''

As we shall later see, the amendment to the petition, made upon remand to the trial court, in no manner changes the issue between the parties, in so far as it relates to the construction of this policy provision; and, under the well established rule in this state, that the law as settled upon the first appeal becomes and must be observed as the law of the case in its subsequent progress through the courts, we could well forego further discussion at this point. It may, however, not be out of place to add that wherever, in an insurance contract, the general terms of obligation to pay indemnities or benefits are sought to be limited or circumscribed by special exceptions, such provisions are universally construed most strictly against the insurer, and are not to be extended or enlarged by mere inference or uncertain implication. The construction given to this contract of insurance on the former appeal finds substantial support in another case decided at the same term of court (*Breen v. Great Western Acc. Ins. Co.,* 190 Iowa 1172), where the policy of insurance was quite like the one here in suit. The opinion, prepared by our present chief justice, distinctly recognizes the distinction to be made between indemnity for disabilities and indemnity for death loss, and sustains a recovery as for a death loss, against the defendant's contention that it should be held included within the term ''disability.'' The most which can be said for defendant's construction of the contract is that it renders the agreement ambiguous, and, as we said in the *Breen* case, supra, ''ambiguity in any part of the policy must operate in favor of the holder.'' To the same effect is *Cook v. Benefit League,* 76 Minn. 382 (79 N. W. 320). It follows that, both under the rule which requires us to adhere to the law of the case and upon the established rules governing the construction of insurance contracts, it must be held that the exception clause in the policy is not available to the appellant as a defense to the plaintiff's action. We do not hold that the insurer may not, by its policy, exempt itself from liability for death loss occasioned by intentional injury inflicted by the insured or by any other person, but we think it must be held that the exception which is pleaded and relied upon as a defense does not so provide.

II.   The remand of the case upon the first appeal, with leave to amend the petition, came about in the following manner. In the petition as originally drawn, plaintiff, as administrator of the estate of the insured, seemed to bottom his claim of right to recover in that capacity upon the statute, Code Supplement, 1913, Section 3386, permitting such recovery where the beneficiary of insurance in "any benevolent association" takes the life of the insured; but, as it was not made to appear in evidence that defendant was a benevolent association, we held that the statute was inapplicable.   We further held, however, that, independently of the statute, the administrator of the estate of a deceased person murdered by a beneficiary of his insurance could maintain an action to recover such insurance for the benefit of his estate; and therefore, in affirming an order for a directed verdict, it was ordered that the ruling so affirmed should be deemed matter in abatement only, and that plaintiff should be allowed to amend, and demand a recovery "not based on the statute."   This order, which was perhaps an unnecessary formality, was complied with, and the petition was amended by alleging that defendant was not a benevolent association, but a commercial life insurance organization.   To this the defendant answered, alleging, as a conclusion of law, that, under the terms of the policy, the beneficiary, Gus Kascoutas, was the only person entitled to maintain the action, and that the administrator of the estate of deceased has no interest therein.   It repleads in bar of the action the exemption or exception clause in the policy, and alleges that, by virtue thereof, and of the fact that the injury and death of the insured were caused by the intentional act of Gus Kascoutas, the defendant is in no manner liable.

It will thus be seen that the issue so joined, in so far as it relates to the construction and legal effect of the insurance contract, is in all respects the identical issue considered and passed upon in the first trial and on appeal.

III.   In its brief, the appellant states that it challenged the petition by demurrer, which was overruled; but a careful examination of its own abstract fails to reveal any such filing or ruling.   The only showing of any objection to the sufficiency of the petition is found in the amended answer, in which it asserts, as a legal conclusion, that the petition does not state a cause of

action. This is not a demurrer, and cannot properly be so considered.

IV. Much of the appellant's argument is devoted to drawing the distinction between life insurance and accident and health insurance. That a distinction does exist is manifest; but it has very slight, if any, bearing upon this case. The policy sued upon is very clearly, as claimed by appellant, one of the protean varieties of the latter class. It insures only against the result of injuries by accidental means, and against loss of time by disease. There is nothing in the opinion upon the former appeal which tends to confuse the two kinds or classes of insurance; and unless the plaintiff has made a case for recovery under the law applicable to accident insurance, the defendant is not to be held liable.

2. INSURANCE: accident insurance: murderous assault.

It is admitted, or proved without dispute, that the policy was issued, and that, while such contract was in full force and effect, the insured came to his death by reason of bodily injuries "effected, directly and independently of all other causes, through external and violent means." But, says appellant, the policy requires, as a condition of its liability, not only that the injury insured against shall be one caused by external and violent means, but that such means must appear to be "accidental" as well; and, as the insured was murdered, and as the murderer must be assumed to have intended the act, it cannot be said that the fatal injury was suffered by or through accidental means. It may be admitted that, even with the exemption clause out of the case (as we hold it to be), the plaintiff may not recover unless it appears that his injury was the result of accidental means. The question, then, is whether injury resulting from a murderous assault for which the insured is in no wise chargeable with blame may be said to have been inflicted by accidental means. This is not a new question in the courts, and the rule heretofore applied does not sustain the defendant's theory.

Bearing in mind that, with the exemption clause eliminated from the discussion, there is no provision in the contract which relieves the insurer from liability on the mere ground that the injury was inflicted by a wrongdoer intentionally, under such conditions we think the authorities are uniform to the effect that the insured is protected by the policy, because, though the in-

jury be intentionally done, the insured being without fault, the injury is, as to him, effected by accidental means. Quite in point is the discussion by the Kentucky court in *Hutchcraft's Exr. v. Travelers' Ins. Co.*, 87 Ky. 300, a case which we have before cited approvingly. In that case, there was an exemption clause by which the insurer was not to be liable for injuries intentionally inflicted, and this was sustained. The company there also made the point that, the insured having been murdered by robbers, it could not be said that his death was caused by accidental means. This contention was overruled by the court, which treated the question very elaborately, saying, among other things:

"We do not regard it essential, in order to make out a case of injury by 'accidental means,' so far as the injured party is concerned, that the party injuring him should not have meant to do so; for, if the injured party had no agency in bringing the injury on himself, and to him it was unforeseen,—a casualty,—it seems clear that the fact that the deed was willfully directed against him would not militate against the proposition that, as to him, the injury was brought on by 'accidental means.'"

The same rule was applied in *Ripley v. Railway Pas. Assur. Co.*, 2 Bigelow's Life & Accident Cases 738, where the insured was killed by highwaymen, and in *Richards v. Travelers' Ins. Co.*, 89 Cal. 170, where the injury was inflicted by a blow of the fist. To the same effect are *Fidelity & Cas. Co. v. Johnson*, 72 Miss. 333; *Union Cas. Co. v. Harroll*, 98 Tenn. 591; *Lovelace v. Travelers' Prot. Assn.*, 126 Mo. 104; *Supreme Council v. Garrigus*, 104 Ind. 133; *Warner v. United States Mut. Acc. Assn.*, 8 Utah 431; *Insurance Co. v. Bennett*, 90 Tenn. 256; *Jones v. United States Mut. Acc. Assn.*, 92 Iowa 652; *Allen v. Travelers' Prot. Assn.*, 163 Iowa 217, 222; and *Button v. American Mut. Acc. Assn.*, 92 Wis. 83. Indeed, we have failed to find a single authority to the contrary, and appellant's counsel cite us to none. The injury from which the insured died is clearly to be classed as having been caused by accidental means.

V. It is finally contended that, without express statutory authorization, the plaintiff administrator cannot recover. We held to the contrary on the former appeal, and we are neither

3. INSURANCE: murder of insured by beneficiary. at liberty nor are we inclined to depart from that holding. As a matter of public policy, the murderer may not be permitted to recover such insurance. Since he has eliminated himself by his crime, the policy stands as being without a named beneficiary, and the money due thereon becomes the property of the estate of the insured (*Grand Lodge v. Wieting*, 168 Ill. 408) ; and to collect it becomes a part of the plaintiff's duty in administering his trust as administrator of the estate.

We find no reason for interfering with the judgment below, and it is, therefore,—*Affirmed*.

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.