(101 So. 881)
### HOLLINGSWORTH et al. v. MILLER et al. (7 Div. 447.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

1. **Appeal and error** ⬅627(2)—**When failure to file record in Supreme Court within prescribed time is not ground for dismissal of appeal stated.**

Where record in cause is filed in the Supreme Court at first call of division to which it belongs, after the appeal is taken, failure to file record within time prescribed by law is not ground for dismissing appeal.

2. **Wills** ⬅337—**Failure to object to hearing of motion on merits held to operate as waiver of discontinuance or lapse of motion.**

In proceeding to probate will, heard at special term before special probate judge as distinguished from a regular term within Code 1907, § 5429, failure to object to hearing of motion for new trial on the merits *held* to waive failure to file motion during term and discontinuance or lapse of motion.

3. **Wills** ⬅400—**Discretion as to qualification of witnesses to testify as to testamentary incapacity will not be revised except for manifest abuse.**

Question of qualification of witnesses to testify as to testamentary incapacity of testator is one resting in sound judicial discretion of trial court, exercise of which will not be revised except for manifest abuse.

4. **Wills** ⬅55(1)—**Verdict that testator lacked testamentary capacity held palpably wrong.**

Verdict that testator lacked testamentary capacity *held* contrary to overwhelming weight of testimony.

Appeal from Probate Court, Talladega County; W. B. Castleberry, Judge.

Petition of William S. Hollingsworth and another to probate the will of James Taylor Hollingsworth, deceased, and contest by Ida Miller and others. From a decree for contestants, proponents appeal. Reversed and remanded.

Harrison & Stringer, of Talladega, for appellants.

The court retained jurisdiction over its judgment for a period of 30 days. Ex parte Margart, 207 Ala. 605, 93 So. 505; McCord v. Rumsey, 19 Ala. App. 62, 95 So. 268. The motion being heard without objection for want of jurisdiction, the objection was waived. McCord v. Rumsey, supra; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. As to testimony of nonexpert witnesses upon the issue of sanity, see Pritchard v. Fowler, 171 Ala. 669, 55 So. 147; Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Yarbrough v. State, 105 Ala. 55, 16 So. 758; B. R., L. & P. Co. v. Randle, 149 Ala. 545, 43 So. 355; Loveman v. B., R. L. & P. Co., 149 Ala. 527, 43 So. 411; Bowling v. Bowling, 8 Ala. 538; 40 Cyc. 1040; Blackman v. Andrews, 150 Mich. 322, 114 N. W. 218; Hibbard v. Baker, 141 Mich. 124, 104 N. W. 399; Watkins v. Yeatman, 189 Ala. 370, 66 So. 707; Mullen v. Johnson, 157 Ala. 267, 47 So. 584. Where the verdict is contrary to the weight of the evidence, the court should set it aside and grant a new trial. Sou. Ry. v. Morgan, 171 Ala. 299, 54 So. 626; West. Ry. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Birmingham Nat. Bank v. Bradley, 116 Ala. 148, 23 So. 53; Mooneyham v. Herring, 204 Ala. 333, 85 So. 390; Sloss Co. v. Underwood, 204 Ala. 288, 85 So. 441; Watkins v. Yeatman, supra.

Knox, Acker, Dixon & Sims, of Talladega, for appellees.

No transcript was filed within 60 days from the time the bill of exceptions was filed, and the appeal should be dismissed. Acts 1919, p. 85. The admission of opinions as to the sanity or insanity of the testator was within the discretion of the trial court. Chandler v. Chandler, 204 Ala. 164, 85 So. 558; Wear v. Wear, 200 Ala. 345, 76 So. 111; Ala. C. C. & I. Co. v. Heald, 168 Ala. 626, 53 So. 162; Dersis v. Dersis, 210 Ala. 308, 98 So. 28. Where there is evidence to sustain the verdict, it should not be set aside. Cobb v. Malone, 92 Ala. 630, 9 So. 738. The motion for new trial in this case had lapsed. Code 1907, § 5429; Blake v. Harlan, 75 Ala. 205; Ex parte Griffin, 177 Ala. 243, 59 So. 303.

SOMERVILLE, J. [1] Where the record in a cause was filed at the first call of the

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

division to which it belonged, after the appeal was taken, the cause will not be dismissed for that the record was not filed in the Supreme Court within the time prescribed by law. S.-S. S. & I. Co. v. Webster, 183 Ala. 322, 62 So. 764; Williams v. Hyde, 10 Ala. App. 566, 65 So. 708. The motion to dismiss the appeal herein must therefore be overruled.

[2] After several continuances, this cause was heard and decree rendered on the jury's verdict on March 12, 1923, at a special term of the probate court. The record shows no order continuing the special term, but on March 15, 1923, the unsuccessful proponents of the will filed their motion for a new trial, which was heard and overruled at a special term on April 9, 1923. It is the contention of appellees that the special term of the trial having expired upon the rendition of the decree, the motion filed thereafter was coram non-judice, and could not be entertained. A further contention is that the motion not having been acted on until a special term in the following month, and no order of continuance having been made in March, it must have therefore lapsed and lost its standing, even had it been originally coram judice.

Section 5429 of the Code of 1907 required that "a court of probate must be held at the courthouse of each county on the second Monday in each month." This session was the regular term of the court which terminated at the end of the day, unless it was extended or adjourned by the court to a later time. Presumptively the term would be extended, as of course, so long as active business remained to be disposed of. But, if adjournment were made sine die, the term was ended so far as the trial of causes, or the making of orders, or the rendition of decrees, was concerned. Moore v. McGuire, 26 Ala. 461, 462; Blake v. Harlan, 75 Ala. 205; Wright v. State, 136 Ala. 51, 34 So. 187; Ex parte Griffin, 177 Ala. 243, 59 So. 303; Vaughan v. Bibb, 46 Ala. 153.

The hearing of this cause was at a special term, before a special probate judge. Whether or not the motion was seasonably filed, we need not determine. The record shows that the contestants acknowledged service of notice of the filing of the motion on the day it was filed, and also "of notice that said motion will be called up for hearing on the ——— day of March, 1923, and hereby waive any further, other, or different notice of the day and time when said motion is to be called up for hearing." The record further shows that the motion came on to be heard on its merits, and was considered by the court and overruled on its merits, and it does not show that any objection was made by the contestants, in the trial court, to such consideration and action. Under our decisions this operated as a waiver of the discontinuance or lapse of the motion, if any there had been. B. R. L. & P. Co. v. Hinton,

146 Ala. 273, 40 So. 988; Shipp v. Shelton, 193 Ala. 658 (3), 69 So. 102. And it was equally a waiver of the requirement that it must be filed during the term when the decree was rendered, if that term had in fact expired.

Our conclusion is that the action of the trial court in overruling the motion for new trial must be considered here on its merits, the contestants having waived in the lower court the objections now sought to be made for the first time on this appeal.

[3] While the trial judge was exceedingly liberal in permitting witnesses for the contestants to testify that the testator was of unsound mind at or near the time of the execution of the will, and some of them were but dubiously qualified in the premises, the matter was one resting in his sound judicial discretion, the exercise of which will not be revised except for manifest abuse. Wear v. Wear, 200 Ala. 345, 76 So. 111; Chandler v. Chandler, 204 Ala. 164, 167, 85 So. 558. We cannot affirm that there was such an abuse of discretion here.

[4] Most, if not all, of the witnesses who testified to the insanity of the testator were contestants of the will or else were their near relatives. None of them were able to state any fact upon which a safe or reasonable conclusion of insanity could be grounded. The testator's bodily infirmity, his uncertain memory at times, his profanity, and a few minor eccentricities, constituted the sum total of their testimony in this regard. Against the biased and, we think, wholly illogical conclusions of these witnesses, there appeared a large number of disinterested witnesses who were well acquainted with the testator, and saw him frequently in the days and months just preceding his death, and who, from their personal observation and personal dealings with him, considered him to be a man of sound mind, and so testified. Among these witnesses, it is worthy of note, were the testator's mother, with whom he lived; his physician who treated him during his last illness; and the attorney who drew the will for the testator and superintended its execution by him.

When nonexpert witnesses testify to a testator's insanity, the weight and value of their opinions depend on the intelligence and impartiality of the witnesses, and especially upon the reasonableness of their conclusions from the facts which are stated by them as the bases for their opinions. Burney v. Torrey, 100 Ala. 173, 14 So. 685, 46 Am. St. Rep. 33; Mullen v. Johnson, 157 Ala. 262, 267, 47 So. 584; Watkins v. Yeatman, 189 Ala. 370, 379, 66 So. 707; 40 Cyc. 1040.

The right of every competent person to make testamentary disposition of his property is not to be destroyed upon the fanciful conclusions of witnesses which may be easily generated by their personal bias, unrestrained by any adequate conception of the true

meaning of testamentary capacity, and unsupported by any substantial facts which are inconsistent with such capacity.

Giving due weight to these considerations, a careful analysis of the testimony leads us to the conclusions that its *overwhelming* weight was contrary to the finding and verdict of the jury, and, indeed, that it affirmatively shows that the testator had testamentary capacity when he made this will. Certainly there is nothing to show that he did not recollect the property he was about to bequeath or devise, or the persons to whom he wished it to go, or the manner of its desired disposition, or, in general, that he did not know and understand the nature of the business he was engaged in at the time of its performance. Bulger v. Ross, 98 Ala. 267, 271, 12 So. 803.

One witness for contestants—who, however, did not undertake to impugn the testator's sanity—testified that on one occasion, about four months before his death, the testator having paid witness for shoeing his horse, came back later the same day and offered to pay him again; and that on the same occasion the testator "got into his buggy and tried to drive it off without hitching up his horse." This at most would show absent-mindedness, but is not a rational predicate for the conclusion of insanity, or the want of testamentary capacity four months later.

Under the evidence, and upon the considerations set forth above, we feel compelled, as a matter of judicial duty, to hold that the verdict was palpably wrong, and that the motion for a new trial should have been granted, and was erroneously overruled. Watkins v. Yeatman, 189 Ala. 370, 66 So. 707; Mullen v. Johnson, 157 Ala. 262, 47 So. 584.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.