(108 So. 575)

## NATIONAL LIFE & ACCIDENT INS. CO. v. HANNON. (3 Div. 746.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied June 3, 1926.)

I. Insurance ⊙═▷464—Provision in accident insurance policy, exempting company from liability for injuries intentionally inflicted by insured or any other person, except burglars and robbers, held valid and binding.

Provision in accident insurance policy, exempting company from liability for injuries intentionally inflicted by insured or any other person, except burglars and robbers, *held* valid and binding.

2. Insurance ⊙═▷464—Fatal injuries held embraced in clause of policy providing that it did not cover injuries intentionally inflicted, except by burglars and robbers, where language of entire policy plainly denied recovery in such case.

Fatal injuries *held* embraced in clause of policy providing that it did not cover injuries intentionally inflicted, except by burglars and robbers, though there was no specific reference to fatal injuries, and though policy will be construed most strongly against insurer when am-

biguous, where language of entire policy plainly denied recovery.

**3. Insurance ⚖=641(1)—Demurrer to replication that insured did not provoke difficulty in which he was shot should be sustained, where it was interposed as answer to defense that accident insurance policy did not cover injuries intentionally inflicted.**

Replication that insured did not provoke difficulty in which he was shot, interposed as answer to defense that accident insurance policy did not cover injuries intentionally inflicted, was no answer to such defense, and injected immaterial issue into case, and demurrer thereto should have been sustained.

**4. Appeal and error ⚖=971(2)—Evidence ⚖= 546—Qualifications of nonexpert witnesses as to unsound mental condition held to rest in discretion of trial court, exercise of which will not be revised, except for manifest abuse.**

Question of proper qualifications of nonexpert witnesses, testifying as to unsound mental condition of certain person, *held* to rest in discretion of trial court, exercise of which will not be revised, except for manifest abuse.

**5. Evidence ⚖=474(4)—Nonexpert witness as to unsound mental condition must have had opportunity to form accurate judgment as to existence of disease.**

Nonexpert witness, to qualify to testify as to unsound mental condition of certain person, must have had opportunity to form accurate judgment as to existence of disease.

**6. Evidence ⚖=474(4)—Same degree of observation is not necessary to qualify nonexpert witness to testify to "general insanity," as in case of partial derangement only.**

Same degree of observation is not necessary to qualify nonexpert witness to testify as to unsound mental condition in case of "general insanity," by which is meant madness on all subjects, as in case of partial derangement only.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Insanity.]

**7. Trial ⚖=260(1).**

Refusal of requested charge *held* not error, where substance thereof was sufficiently set out in oral charge of court.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on a policy of insurance by Sallie Hannon against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Section O of the policy sued on is as follows:

"This policy does not cover suicide (sane or insane); nor any venereal disease; nor any disease not common to both sexes; nor aeronautics; nor military or naval service in time of war; nor injuries intentionally inflicted upon

'he assured by himself or by any other person 'xcept by burglars or robbers; nor the assured while in the Tropics or any part of Alaska or the British possessions in North America, north of the sixtieth degree of north latitude, and there shall be no liability whatever against the company in any such cases."

John S. Tilley, of Montgomery, for appellant.

The testimony of the witnesses as to insanity should not have been admitted, sufficient qualification not being shown. Dominick v. Randolph, 124 Ala. 564, 27 So. 481; Pritchard v. Fowler, 171 Ala. 669, 55 So. 147; Nat. Life & Accident Ins. Co. v. Hannon, 212 Ala. 186, 101 So. 892; Woodward Iron Co. v. Spencer, 194 Ala. 291, 69 So. 902; Barnett v. Freeman, 197 Ala. 145, 72 So. 395; Ford v. State, 71 Ala. 397. Replication 5 was subject to demurrer. National Life & Accident Ins. Co. v. De Lopez (Tex. Civ. App.) 207 S. W. 160; Orr v. Insurance Co., 120 Ala. 647, 24 So. 997; Continental Cas. Co. v. Morris, 46 Tex. Civ. App. 394, 102 S. W. 773.

L. A. Sanderson, of Montgomery, for appellee.

Whether a nonexpert witness should be permitted to give an opinion as to sanity or insanity is discretionary with the trial court. Parish v. State, 130 Ala. 92, 30 So. 474; Dersis v. Dersis. 210 Ala. 308, 98 So. 27; Melvin v. Murphy, 184 Ala. 188, 63 So. 546; Johnston v. Johnston, 174 Ala. 220, 57 So. 450; Nat. L. & A. Ins. Co. v. Hannon, 212 Ala. 186, 101 So. 892. Demurrer to replication 5 was not well taken. Nat. L. & A. Ins. Co. v. Hannon, supra; Travelers' Ins. Co. v. Dupree, 17 Ala. App. 131, 82 So. 579; Equitable Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 L. R. A. 267; Employers' Ind. Corp. v. Grant (C. C. A.) 271 F. 136, 20 A. L. R. 1118; Interstate, etc., Ass'n v. Dunn, 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333; Kascoutas v. Federal L. I. Co., 193 Iowa, 343, 185 N. W. 125, 22 A. L. R. 294; Provident L. & A. Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650; 14 R. C. L. 626; 3 R. C. L. Supp. 316.

GARDNER, J. This suit is upon an accident insurance policy. The insured died as a result of a gunshot wound inflicted by one Perry Hazzard. Among the defenses interposed was a plea to the effect that the policy sued upon contains the following stipulation: "This policy does not cover injuries intentionally inflicted upon the insured by himself or by any other person except by burglars or robbers," and that insured came to his death by a gunshot wound inflicted intentionally upon him by one Hazzard, who was, at the time of the shooting, neither a burglar nor a robber.

After the reversal of the case on former appeal (National Life & Accident Ins. Co. v.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hannon, 212 Ala. 184, 101 So. 892), plaintiff interposed replication 5 as an answer to such defense, which replication was, in substance, that, at the time Hazzard shot insured, the latter had not provoked, and was not at fault in bringing on, the difficulty. Defendant's demurrer to this replication was overruled, and this ruling is assigned as error.

[1] The replication was not an answer to the plea setting up the defense above outlined. The provision of the policy exempting the company from liability for injuries intentionally inflicted by himself or by any other person is valid and binding. Such was the holding of this court in Orr v. Travelers' Ins. Co., 120 Ala. 647, 24 So. 997 (cited approvingly in Cont. Cas. Co. v. Cunningham, 188 Ala. 159, 66 So. 41, L. R. A. 1915A, 538), and recognized by the authorities generally (Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. Ed. 308; Ryan v. Cont. Cas. Co., 94 Neb. 35, 142 N. W. 288, 48 L. R. A. [N. S.] 524, and note Ann. Cas. 1914C, 1234; Hutchcraft v. Travelers' Ins. Co., 87 Ky. 300, 8 S. W. 570, 12 Am. St. Rep. 484; Lovelace v. Travelers' Protective Ass'n, 126 Mo. 104, 28 S. W. 877, 30 L. R. A. 209, 47 Am. St. Rep. 638; Button v. Am. Mut. Acc. Ass'n, 92 Wis. 83, 65 N. W. 861, 53 Am. St. Rep. 900; 1 Cyc. 257).

In Orr v. Travelers' Ins. Co., supra, speaking to the insistence that such a stipulation should be construed as intending to provide against acts procured by insured, and invoking the aid of the rule whereby ambiguous terms in such contracts are to be construed most strongly against the insurer and in favor of the insured, the court said:

"We think that the rule is inapplicable here, for the reason that the language employed expresses clearly an exemption from the risk of injuries inflicted intentionally by another as well as by the insured."

The trial court, in the ruling, evidently had in mind, as we gather from the oral charge, that line of authorities to the effect that intentional injuries inflicted on insured are usually considered "accidental," and as coming "within the proviso that the insurance shall extend to injuries sustained through external, violent, and accidental means." 1 Cyc. 257, and authorities cited in Travelers' Ins. Co. v. Dupree, 17 Ala. App. 131, 82 So. 579. But these cases were not dealing with policies containing the further stipulation against liability for injuries intentionally inflicted by insured or by any other person. The distinction is pointed out in the Orr Case, supra, where Hutchcraft v. Ins. Co., supra, is commented upon.

[2] But it is insisted the language of the exemption clause makes reference to injuries intentionally inflicted without specific reference to injuries which prove fatal, and that, under the rule of construction universally recognized, such policies, when the lan-

guage is ambiguous, are to be construed most strongly against the insurer—fatal injuries are not embraced therein. We are cited, among other authorities, to Karcoustas v. Fed. Life Ins. Co., 193 Iowa, 343, 185 N. W. 125, 22 A. L. R. 294, and Interstate Business Men's Acc. Ass'n v. Dunn, 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333, and authorities cited in the note. But these cases deal with language of policies different from that here considered, and, as said in the note to the Dunn Case, supra:

"The question involved obviously depends on the context in which the word 'injury' is used."

The case of Nat. Life & Acct. Ins. Co. v. De Lopez (Tex. Civ. App.) 207 S. W. 160, is here directly in point, and considers a very similar policy with like exemption clause in this particular insurance company. In the policy in the instant case, however, there appear some slight additions to the exemption clause (section O), and such exemption is made more plain and emphatic by the concluding words "and there shall be no liability whatever against the company in any such cases." Section O appears in the report of the case.

In the De Lopez Case, supra, speaking to such a policy, the court uses the following language, here directly applicable:

"I. W. Lopez died from injuries intentionally inflicted upon him, and under the plain terms of the policy the beneficiary has no cause of action against appellant. The insurance was against loss of life, as well as loss of limb, sight, speech, or hearing, and the words indicating how the loss must occur applies as well to loss of life as to loss of limbs or senses, and the words are clear and without doubt."

If the part as to limbs and senses is eliminated, the policy would read:

"Against loss of life resulting directly or indirectly of all other causes from a bodily injury which is effected accidentally and through external and violent means."

And to exclude all doubt on the subject it said, "Excluding suicide, sane or insane." Again, in section O of the policy, it is clearly shown that loss of life is not included in the policy, if it results from "injuries intentionally inflicted upon the assured by himself or by any other person except by burglars and robbers. * * * The language is plain, and clearly denies the right to recover if the insured person dies from intentional injuries inflicted on him by another, except it be a burglar or a robber."

The De Lopez Case is directly in point, and we approve the reasoning and conclusion of the court therein.

We fully recognize the rule of construction contended for, but where, as here, the intention of the parties is manifested by language so plain and unambiguous, a contrary construction to that reached in the above-

cited authority would do plain violence to the language employed. We conclude, therefore, that the insistence of appellee in this respect is without merit.

[3] In view of the binding effect of this clause, and in the light of the foregoing authorities, the question of self-defense or matters of that character constitute no part of the issue, and the demurrer to replication 5 should have been sustained.

[4, 5] The question of proper qualification of the nonexpert witnesses testifying as to the unsound mental condition of Hazzard was one resting in the sound judicial discretion of the trial court, the exercise of which will not be revised, except for manifest abuse. Hollingsworth v. Miller, 212 Ala. 187, 101 So. 881.

"No general rule can be laid down as to what should be deemed a sufficient opportunity for observation." Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902.

"It is impossible to lay down any precise rule as to the length or character of acquaintance which would render the opinion of a witness admissible on this question. All we can say is that the circumstances must be such as to have afforded the opportunity to form an accurate judgment as to the existence or non-existence of the disease, considered with reference to the character or degree in which it is alleged to exist." Powell v. State, 25 Ala. 21.

See, also, Dersis v. Dersis, 210 Ala. 308, 98 So. 27; 1 Wigmore on Ev. p. 1103.

[6] As pointed out in Powell v. State, supra, a case of "general insanity," by which is meant madness on all subjects, the same degree of observation would not be necessary as in case of partial derangement only. Especially so when the form of insanity is such as manifested by utter dethronement of the intellect, as exhibited by mania, or raving madness—the character of insanity here attempted to be shown. It may be conceded that some of the witnesses "were but dubiously qualified," to use the language of Hollingsworth v. Miller, supra; yet, upon due consideration, we are unwilling to hold there here appears any abuse of discretion in relation thereto.

[7] While the refusal of charge H might be justified upon the ground that by its construction it is calculated to confuse, yet this consideration may be pretermitted, as we are of the opinion the substance of this charge is found sufficiently set out in the oral charge of the court.

We are not impressed with the insistence of counsel for appellee that the affirmative charge was due to be given for plaintiff. The issues of fact presented by the pleadings were submitted for the jury's determination. The action of the court in sustaining replication 5 against the demurrer interposed injected an immaterial issue into the cause, and this ruling must result in a reversal.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

SAYRE, MILLER, and BOULDIN, JJ., concur.