(118 So. 170)

**NATIONAL LIFE & ACCIDENT INS. CO. v. HANNON.  (3 Div. 595.)**

Court of Appeals of Alabama.   April 17, 1928.

Rehearing Denied May 22, 1928.

John S. Tilley, of Montgomery, for appellant.

484

L. A. Sanderson and Rushton, Crenshaw & Rushton, all of Montgomery, for appellee.

RICE, J. This is the third appeal in this case. The two former trials resulted in verdict and judgment for the plaintiff, both of which were reversed on appeal. 212 Ala. 184, 101 So. 892; 214 Ala. 663, 108 So. 575. On the third and last trial a jury again found for the plaintiff.

On the first appeal (212 Ala. 184, 101 So. 892) the Supreme Court held count 2 good as against demurrer. The second and third trials were both upon said count 2. On this appeal defendant assigns as error the rulings of the court in overruling demurrer to count 2. Appellee asserts that consideration of the ruling complained of is foreclosed by the decision on first appeal holding the count not subject to demurrer. But appellant would overcome this by the insistence that the grounds of demurrer now insisted upon are different from the ground or grounds considered on first appeal. The record before us shows two sets of demurrers, each bearing an indorsement showing that they were filed on a date corresponding with the date of the first trial and refiled on a date corresponding with the date of the second trial. There is nothing to show a refiling or reinsistence on the demurrer on the last trial. There is a judgment entry bearing date January 19, 1925 (second trial, evidently), reciting that "defendant refiles his demurrer to count 2 of the complaint as originally filed," followed by an order or judgment overruling said demurrer. The de-

cision on second appeal takes no account of this matter. The appeal in this case is from a judgment dated October 12, 1926. No ruling on demurrer to the complaint is shown by that judgment. Although a consideration of the assignments of error addressed to the rulings on demurrer to the complaint might be denied on other obvious grounds, very clearly it must be denied by reason of the fact that the judgment before us shows no ruling thereon. Where no ruling is shown, there is nothing to review.

Defendant's pleas set up that the policy sued on contained a provision excepting from coverage death intentionally inflicted upon insured by himself or by any other person except by robbers or burglars, and alleged that insured's death was caused by a gunshot wound intentionally inflicted upon him by one Hazzard. Plaintiff replied that at the time of the shooting Hazzard's mind was so diseased and deranged as to render him incapable of distinguishing right from wrong in relation to the particular act of shooting insured. The evidence addressed to these issues clearly made a case for the jury's decision. The weight of the evidence, and the credibility of the witnesses, were matters for the jury to determine. We think the motion for new trial, on ground of the insufficiency of the evidence to support the verdict, was properly overruled.

Plaintiff's witness Shelly Crawford had testified that at the time insured was shot, witness and Hazzard were engaged in a difficulty and that Hazzard was shooting at him and not at the insured. Plaintiff's counsel asked this witness to "state whether or not Calvin Hannon (insured) was between you and Perry Hazzard at the time the gun was fired." This question in only slightly different language was repeated several times, to each of which defendant objected on the ground the question was leading and in such form as to indicate to the witness the answer expected. We do not think the court erred in overruling objection to these questions. They were not so framed as improperly to lead the witness, but simply sought to bring out the exact position of the parties, leaving open to the witness full freedom of reply. It appears that counsel's purpose was to show that Hannon was standing between the alleged combatants when the shot was fired. The witness finally answered that such was not the case. Hence, we do not see how defendant could have been injured by the rulings complained of.

It was competent for police officers, who had observed Hazzard the ten days he was confined in jail, to testify how Hazzard acted. It was also competent for these witnesses to give their opinions, based on such observation, as to the sanity or insanity of the man. Natl. L. & Acc. Ins. Co. v. Hannon, 214 Ala. 663, 108 So. 575.

Questions were propounded by defend-

ant to two witnesses, asking whether or not Hazzard had stated to the witnesses who it was that fired the first shot. We are of the opinion that the court properly sustained objections to these questions, because the questions called for hearsay evidence.

We find no error. Let the judgment be affirmed.

Affirmed.