Illinois Bankers Life Association et al., Appellees, v. James T. Collins, Appellant.

WHITE & QUINDRY, for appellant.

H. E. SKINNER and D. L. DUTY, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The life of Maggie R. Collins was insured for $1,000 and her husband was the beneficiary. He murdered her and then committed suicide. The Insurance Company brought the money into court on a bill of interpleader and the court decreed that the fund be paid to appellees, other than the Insurance Company, who are the father, brother, sister and children of a deceased brother of the insured. Mrs. Collins left no child or descendant. The promise contained in the policy is as follows:—"Illinois Bankers Life Association, . . . hereby insures Maggie E. Collins . . . and agrees to pay Thomas C. Collins, husband of the insured (herein called the beneficiary) and in the event

of the beneficiary's prior death (no other beneficiary having been named) to the insured's legal representatives, the sum of $1,000,'' etc.

The beneficiary having murdered the insured, the right to recover the insurance was in the administrator of the insured; *Kascoutas v. Federal Life Ins. Co.,* 193 Iowa 343, 185 N. W. 125; *Slocum v. Metropolitan Life Ins. Co.,* 245 Mass. 565, 139 N. E. 816; *Johnston v. Metropolitan Life Ins. Co.,* 85 W. Va. 70, 100 S. E. 865; *Murchison v. Murchison* (Texas), 203 S. W. 423. There are many other cases to the same effect.

In cases where the beneficiary of a life insurance policy is not named, or the policy is made payable to the estate of the insured, to his executor or administrator or to the insured, only the executor or administrator or personal representative of the insured is entitled to sue on the policy; *McDaniels v. Western & Southern Life Ins. Co.,* 332 Ill. 603.

It is evident therefore, that upon the death of Mrs. Collins, under the circumstances of this case, the amount of the policy in question was due her estate. Under section 1, clause 3, of the Statute of Descent, Cahill's St. ch. 39, ¶ 1, the whole of the personal estate of Maggie E. Collins passed to her husband. An insurance policy payable to the estate or personal representatives of the assured is a species of property. It is in the nature of a chose in action; *Collins v. Metropolitan Life Ins. Co.,* 232 Ill. 37–44. The proceeds of the policy of insurance is a part of the estate of the insured and passed, under the Statute of Descent, to her heir; *Miller v. Miller,* 200 Iowa 1070, 205 N. W. 870. Money due a wife's estate on a policy of insurance passes by descent to her husband when she has no descendant; *Belleville Sav. Bank v. Aneshaensel,* 298 Ill. 292.

The Statute of Descent in plain and unambiguous terms vested in the husband of Maggie E. Collins the

whole of her personal estate, upon her death, and the fact that he was criminally responsible for her death did not deprive him of his inheritance, nor limit the same to a naked trust for the benefit of other persons; *Wall v. Pfanschmidt,* 265 Ill. 180.

The trial court held that the husband having murdered his wife, the fund in question could not pass by descent to him or his heirs because it would be against public policy. We think that question is fully answered by the Supreme Court of this State in the *Wall* case, *supra.* Some other courts have reached a different conclusion but we feel that that decision is conclusive in this State. There can be no public policy which contravenes the positive language of a statute; 9 R. C. L. 48. To hold that this insurance money is not subject to the same law of descent as other personal property, would be nothing less than judicial legislation by engrafting exceptions in a statute where none exist by the language therein contained.

In *Slocum v. Metropolitan Life Ins. Co.* (Mass.), 139 N. E. 816, it was said that a beneficiary who has feloniously taken the life of the insured and is thereby precluded by public policy from claiming the proceeds of an insurance policy is also precluded from claiming under the Statute of Descent. What is said upon that subject, however, appears to be purely *obiter dicta* as the court stated that question was not before it. The same conclusion was announced in *Johnston v. Metropolitan Life Ins. Co.,* 85 W. Va. 70, 100 S. E. 865, but the reason therefor is not persuasive and is contrary to the decision of the Supreme Court of this State in the *Wall* case, *supra.*

In *Murchison v. Murchison* (Texas), 203 S. W. 423, the husband was insured and was murdered by his wife who was the beneficiary. The husband left no child or descendant and the court held that the insurance money passed to the wife under the Statute of Descent.

Appellees strenuously insist that this case is controlled by the decision in the case of *Knights & Ladies of Honor v. Menkhausen*, 209 Ill. 277. In that case the wife was insured in a fraternal beneficiary society and her husband was named as beneficiary. He murdered her and by reason thereof was not entitled to recover the insurance. Under the constitution, by-laws and statute, the next class of beneficiaries included the heirs at law of the insured. In that case, by the terms of the insurance contract, the society was obligated to pay the insurance to such heirs at law. The situation in the case at bar is entirely different. There is no showing that the insurance company was obligated to pay anyone other than the estate of the insured. It was money due the estate and was not materially different from a promissory note or other chose in action due the estate of the insured. Under the Statute of Descent it passed to the husband of the insured and he having committed suicide it should be paid to his heirs at law. Technically it should be paid to the administrator of the estate of the insured and then to the heirs of her husband. No point seems to have been made as to that question and as no one is complaining, the decree is reversed and the cause remanded with directions to enter a decree directing that the fund in question be paid to the heirs of Thomas C. Collins.

*Reversed and remanded with directions.*