12 So.2d 568

**McPETERS et al. v. WHITE et al.**

**8 Div. 286.**

Court of Appeals of Alabama.

March 16, 1943.

W. A. Barnett and O. B. Hill, both of Florence, for appellants.

Bradshaw & Barnett, of Florence, for appellees.

SIMPSON, Judge.

The suit is for damages against defendant, J. R. White, for his negligence in re-

pairing a store building and in removing several dwelling houses under contract with the State Highway Department. His bondsman is also made a party defendant.

Trial of the case apparently never reached the point of taking testimony. The record of the trial, as presented here, embraces only the summons and complaint (with amendments and exhibits), the several demurrers filed by the defendants and what purports to be a judgment entry.

The judgment entry in its entirety is as follows:

"Comes now the plaintiff by attorney and moves the court to be allowed to take a non suit with bill of exceptions on account of the adverse ruling of the court.

"It is therefore considered and adjudged by the court that the defendant go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which let execution issue."

Just what rulings pending trial were adverse to the plaintiff do not appear. In fact, the foregoing judgment indicates that the only ruling invoked was in response to the plaintiffs' motion, viz., that they "be allowed to take a nonsuit", which was granted.

Adverting to the assignments of error, however, and the supporting briefs, it appears that the nonsuit was superinduced because defendants' demurrers were sustained to the complaint. But this nowhere appears in the record.

Basis of recovery here is the same as in the case of Marvin Thomas v. J. R. White et al., 244 Ala. 128, 12 So.2d 567, decided by our Supreme Court.

As to the appellees' motion to dismiss the appeal because of its asserted lack of finality, it was said by Mr. Chief Justice Gardner in said Thomas case, supra:

"After reciting that plaintiff moved for a non-suit on account of adverse ruling of the court, the minute entry proceeds:

" 'It is therefore considered and adjudged by the court that the defendant go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which let execution issue.'

"This order 'put the case out of court,' and constitutes a final judgment. Wood v. Coman, 56 Ala. 283, cited approvingly in Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76. This is in accord with current authorities. Freeman on Judgments (5th Ed.) p. 37; 18 Words and Phrases, Perm. Ed., p. 423; 2 Am.Jur. p. 867.

"The appeal is not therefore due to be dismissed."

The foregoing applies to the judgment here, so the appeal is not due to be dismissed.

Nevertheless, the obviously fatal deficiency in the judgment entry precludes a review of the points raised by the demurrers, if in fact (though it does not appear of record) the court did sustain them.

It is axiomatic that without a sufficient judgment of the trial court on demurrer, a review as to the purported rulings thereon is not allowable. Thomas v. White et al., supra.

Here the position of appellant is even weaker, for there is no judgment of any nature as to the rulings on demurrer. "Where no ruling is shown, there is nothing to review." National Life & Acc. Ins. Co. v. Hannon, 22 Ala.App. 483, 118 So. 170, 171, certiorari denied 218 Ala. 174, 118 So. 172; 2 Ala. Digest, Appeal & Error, ⟚ 123, 242 (3).

It results therefore that we cannot consider for revision the interesting questions discussed by able counsel, so the judgment must be affirmed. So ordered.

Affirmed.