31 So.2d 142
### SAWYER v. LAWRENCE.
4 Div. 14.

Court of Appeals of Alabama.
May 6, 1947.

Rehearing Denied May 27, 1947.

J. W. Brassell, of Phenix City, for appellant.

A. L. Patterson, Roy L. Smith and Jos. W. Smith, all of Phenix City, for appellee.

CARR, Judge.

This appeal is based on a petition filed in the court below for the custody of two minor children, a boy aged four and a girl aged twenty months. The petitioner is the father of the children and the respondent is their maternal grandmother. The trial judge denied the prayer of the petition and awarded the custody of the minors to the respondent. This appeal followed.

It appears without conflict in the evidence that, during the marital life of the father and mother of the children, their residential permanency was uncertain and disturbed. They moved from city to city several times. The mother, on occasions, worked to aid in the support of the family. The couple spent some of the time in the home of the respondent, and the children have resided with their grandmother a major portion of their lives.

The record discloses that the petitioner has not been in good health for the past several years and required hospitalization for treatment. There is considerable evidence from which the court was authorized to find that the father was at times mentally ill.

The mother died the latter part of December, 1946, and since that time the two minors have lived continuously in the home of the respondent and under her care.

There was testimony of physical cruelty on the part of the petitioner to his wife and children. This was denied.

We entertain the view that a correct decision of the unfortunate circumstances can be found by a consideration of an overall picture of the conditions surrounding the parties affected.

There are no charges of immorality against either the father or grandmother. So far as the great preponderance of the evidence discloses, the respondent is a fit person to have the custody and control of the two small children. She has demonstrated her fitness by the care and concern she has given them a 'greater part of the time since their infancy; she owns a home and has an income sufficient to assure the needs and comforts of the children.

The father testified that he had rented an apartment in Albany, Georgia, and that his mother had come to live with him a few days prior to the time he was testifying. He offered this place and, if necessary, a furnished trailer for the children's home. The record discloses that petitioner's mother was present at the trial below, but she was not called to testify. The lower court and this court are thereby deprived of the benefit of her testimony. We cannot, from this source, get any aid in determining her willingness and fitness to fall into the plans proposed by her son. In fact, the entire record is silent as to the adaptability of the paternal grandmother to take the care and custody of these small children. We do not question her fitness, but we certainly have no way of judging it.

■ Petitioner anchors his insistence that he should be awarded the custody of his children primarily on the well recognized rule that as against all others the parents are prima facie entitled to this right. Payne v. Payne, 218 Ala. 330, 118 So. 575.

This parental preference should be kept inviolate and should not be overlooked or ignored by the courts. It appeals to justice, reason, and human instincts. This rule, however, is neither absolute nor inflexible. It must always give place to the question of prime concern and importance, and that is the welfare and best interests of the minors involved. Payne v. Payne, supra; Hall v. Donnelly et al., 25 Ala.App. 481, 149 So. 867; Ex parte Murphy, 75 Ala. 409.; Campbell v. Sowell, 230 Ala. 109, 159 So. 813; Blevins et al. v. Underwood, 232 Ala. 100, 166 So. 801.

■ With these principles to guide us, we have reached the conclusion that the judgment of the court below should not be disturbed.

In reaching this conclusion we have leaned at least to some extent on the finding of the trial court. He had the parties before him. He heard and saw the witnesses as they testified. He enjoyed an advantage over us which was of peculiar value to him.

■ The facts and circumstances disclosed by this record have aroused our pity and sympathy, and impress us again with the wisdom and fairness of the rule that a decision of the court once made declaring the custody of minor children does not become a matter of res adjudicata. Payne v. Payne, supra; McGrady et al. v. Brown, 230 Ala. 484, 161 So. 475; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580.

We entertain the sincere hope that this father may soon regain his health and make suitable and adequate plans for the physical, mental, and spiritual welfare of his children. This done, the courts will never deny him the right to the custody, care, and companionship of his motherless son and daughter.

Under the circumstances as they now exist, it is very clear to us that the best interest of these children requires, as against the petition of the father, that they remain with their grandmother, the respondent.

Affirmed.

On Rehearing

It is insisted on application for rehearing that we omitted to treat some questions presented by the record, among them the action of the court in overruling the demurrers to respondent's answer and the court's ruling to the introduction of the evidence.

■ As to the first position, there is not a sufficient judgment of the trial court on his ruling on the demurrers to present review. The mere recital, "petitioner thereupon filed demurrers to respondent's answer. The court overruled said demurrers and the petitioner then duly excepted", is not a formal judgment entry and is not a compliance with the rule applicable thereto. Thomas v. White, 244 Ala. 128, 12 So.2d

567; McPeters et al. v. White et al., 31 Ala. App. 89, 12 So.2d 568.

■ However, aside from this, proceedings of this nature do not demand the usual exactness in pleading. Glenn v. Glenn, 21 Ala.App. 148, 106 So. 226.

In the preparation of the original opinion, we did not think that a discussion of any of the rulings relating to the introduction of the evidence was necessary or would add any value to the opinion. We considered the entire record and were convinced that, if there were any errors here, such errors did not probably affect the lower court's final decision. Lackey v. Thomas, 28 Ala.App. 302, 184 So. 262.

Out of deference to the urgent insistence of able counsel, we have again reviewed the evidence as disclosed by this record. We are not convinced that we should depart from our original view. The following cases afford added authoritative assurance to what we have already written. Brinster v. Compton, 68 Ala. 299; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Bradley et al. v. Bennett, 168 Ala. 240, 53 So. 262; Findley v. Jones et al., 214 Ala. 325, 107 So. 840; Brown v. Brown, 2 Ala. App. 461, 56 So. 589; Phelps v. McLeod, 17 Ala.App. 480, 86 So. 150.

Application for rehearing overruled.