FIDELITY & CASUALTY CO. *v.* GEORGIANA JOHNSON.

1. DEPOSITION. *Oral examination. Witness out of the state. Code* 1892, § 1756.

 Section 1756, code 1892, which provides for compelling the oral examination in court of a witness of an opposing party whose deposition has been taken, has no application when the witness resides outside the state.

2. INSURANCE. *Payment of premiums. Condition of policy. Case.*

 Where a railroad employe takes out an accident insurance policy which provides that in case the assured shall fail to leave in the hands of the paymaster of the road the installments of premium, the policy shall be void, the assured's duty is fully met by leaving the premiums with the paymaster. It is not necessary to show that the latter paid the same over to the insurer.

3. ACCIDENT INSURANCE. *Death by mob. Within terms of policy.*

 Death at the hands of a mob by hanging is within the terms of a policy insuring against "bodily injuries sustained through external, violent and accidental means."

FROM the circuit court of Pike county.

HON. W. P. CASSEDY, Judge.

Action by appellee against appellant on an insurance policy for $1,000, insuring the husband of appellee, an employe of the Illinois Central Railroad Company, against " bodily injuries sustained through external, violent and accidental means." The assured was hanged by a mob during the life of the policy. Plaintiff recovered judgment for the full amount of the policy. Motion for new trial overruled. Defendant appealed. The

opinion contains such further statement of the case as is necessary to an understanding of the questions decided. /

*A. C. McNair*, for appellant.

The motion of defendant to compel the personal attendance of the witness, Barnes, should have been sustained.    Code 1892, § 1756.    It is immaterial that the witness was a nonresident and beyond the jurisdiction.    The motion should have been sustained, with the condition that the defendant should, if possible, procure the attendance at its own expense.    This would have given defendant an opportunity to compel the personal attendance of the witness, which was very essential to its rights.

There was no evidence sufficient to prove the payment of the premium for April, 1892, and the burden of proof was on plaintiff as to this.    The railroad company was not the agent of defendant in collecting the premiums.    It was not the duty of Watkins, the paymaster, to collect the orders, but it was the duty of Johnson, under the contract, to pay the premiums or to leave the money in the hands of the paymaster.    Failing in this, the policy was void.    On this point I refer to *Bernheimer* v. *Hahn*, 65 Miss., 459; 37 Tex., 427; 2 E. D. Smith (N. Y.), 234; 21 Ark., 321; 7 Rich. (S. C.), 65; 18 W. Va., 299; 61 Mich., 395; 6 Cush., 93; 19 S. W. Rep., 455; 29 N. E. Rep., 219.    *Relief Association* v. *Post*, 122 Pa., 579, s. c. 9 Am. St. R., 147, is decisive of this case.

Hanging by a mob is certainly foreign to all of our preconceived ideas of death by accident.    According to my conception, there is not one element of an accident.    *Southard* v. *Assurance Co.*, 34 Conn., 574; 1 Am. & Eng. Enc. L., p. 92 and note.

*W. B. Mixon* and *J. B. Sternberger*, for appellee.

The court did not err in overruling defendant's motion to require the attendance of plaintiff's nonresident witness whose deposition had been taken.    Section 1756, code 1892, provides

that the party against whom the witness was examined may procure the attendance of the witness at the trial.    The defendant had the right and the opportunity to procure the attendance of the witness.    This was virtually an application for a continuance, with no grounds to support it.

We submit that the terms of the policy in regard to payment of the premium were complied with, and that the jury was properly instructed.

The definition of an accident given in Worcester's dictionary is not the legal definition, and does not give the meaning applicable to the word as used in this policy.    The proper legal definition is given in 1 Am. & Eng. Enc. L., p. 87.    We submit that all controverted questions of fact were settled by the verdict of the jury, and that the judgment should be affirmed.

WOODS, J., delivered the opinion of the court.

There was no error in the court's action in overruling the appellant's application to compel the attendance of appellee's witness, Barnes, in open court.    Section 1756, code of 1892, provides for the procuring the attendance in open court of a witness whose deposition has been taken by the opposing party. The language of the section is as follows: "Depositions taken, certified and returned in pursuance of law, shall be admissible as evidence in the cause; but when the deposition of any witness shall be taken, the party against whom the witness was examined may procure the attendance of such witness at the trial of the cause, and may put the witness on the stand in open court as the witness of the party who procured his deposition, and may cross-examine him as the witness of such party, who shall be entitled to re-examine the witness in open court; but the party procuring such oral examination shall be liable for all the costs thereof."

At the time this motion was made, and by the court overruled, Barnes was, and for a long while had been, living in New Orleans, La.    He was without the jurisdiction of the

court, and beyond the reach of its process. The attempt to procure his attendance, then and there, would have been futile and vain, and the court properly refused to delay the trial of the cause, and to make this idle attempt to do a thing which was plainly impossible. The statute has no reference to such case.

It is contended that payment of dues to the paymaster of the Illinois Central Railroad was not payment to the casualty company, and that it was incumbent on appellee to prove payment of dues by the insured to the paymaster, and then to follow this up, and prove payment by the paymaster to the casualty company. This is a mistaken view. The seventh condition in the indorsements on the policy of insurance is as follows: " 7. In case the assured shall fail to leave in the hands of the paymaster the installments of premium as agreed in said order (that is, the order of the assured on the paymaster to retain the installment out of the assured's wages), this policy shall be void." The assured's duty as to payment was fully performed when he left the installment in the hands of the paymaster.

The court refused to charge the jury for appellant as asked in its twelfth instruction. This instruction reads as follows: " If the jury believe, from the evidence in this case, that John Johnson came to his death by the hands of a mob, his death was not the result of an accident, and this case is not within the terms and conditions of the policy sued on, and the jury will find for defendant." By the terms of the policy, indemnity against " bodily injuries sustained through external, violent and accidental means " was secured by the insured. That Johnson came to his death by external and violent means is not denied, but death by hanging at the hands of a mob, it is said by appellant's counsel, is foreign to our preconceived ideas as to what constitutes an accident.

According to lexicographers, an accident is a sudden, unforeseen and unexpected event. It has been held by courts adopting this or any similar definition that where a man was killed by robbers, that this was a case of death by accident in the

sense in which that word is used in accident insurance policies. So, too, it has been held that death from a blow struck by one who has attempted to blackmail the assured was an accident covered by an accident insurance policy. In these and all like cases in which death occurs by violent means external to the man, and against or without intention or concurrence of will on the part of the man, death may properly be called an accident. A learned and laborious writer states the true rule for determining whether injuries are accidental. With great simplicity, clearness and strength, Biddle says: "An injury may be said objectively to be accidental, though subjectively it is not; and, if it occur without the agency of the insured, it may logically be termed accidental, though it was brought about designedly by another person." See Biddle on Insurance and the numerous cases cited by him in his elaborate consideration of this subject in his vol. 2, chapter 10, beginning at page 780. See, too, Bacon's Benefit Societies and Life Insurance, vol. 2, chapter 15, and the many cases there cited. There is, upon authority, hardly room for controversy as to the rightfulness of the action of the court below in refusing to charge the jury that death by hanging at the hands of a mob was not an accident. There is evidence to support the verdict, and we are not authorized to substitute another finding, more in consonance with our views of the testimony, for that of the jury, which rests upon sufficient proof. We find no reversible error, and the judgment of the trial court is

*Affirmed.*