(82 South. 579)

TRAVELERS' INS. CO v. DUPREE. (6 Div. 559.)

(Court of Appeals of Alabama. June 3, 1919.)

1. INSURANCE ☞455—ACCIDENT INSURANCE —INJURY DURING FIGHT.

Injuries sustained by plaintiff while defending himself from an unprovoked assault are within a policy insuring against injuries from external, violent, and accidental means, although plaintiff struck the first blow.

2. INSURANCE ☞670—ACCIDENT INSURANCE —EVIDENCE TO SUPPORT VERDICT.

In action on an accident policy authorizing certain weekly indemnities for total or partial loss of time, or a lump sum payment if the insured so elects in writing within a specified period, a verdict for plaintiff cannot stand where evidence showed neither an election nor loss of time.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by George H. Dupree against the Travelers' Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts sufficiently appear. The following written charges were refused to the defendant:

Assignment 2. If you believe from the evidence that the plaintiff was the physical aggressor and struck the first blow in the encounter between him and Mr. Harper, it is your duty to return a verdict in favor of the defendant, although you may also believe from the evidence that before plaintiff struck said Harper said Harper cursed and abused the plaintiff.

Assignment 3. If you believe from the evidence that plaintiff would not have been injured had he not struck Harper, and that the striking at Harper by plaintiff was the direct and sole cause of the struggle in which plaintiff was injured, you must find for the defendant.

Assignment 6. The court charges you that, if you believe from the evidence that Mr. Harper went to plaintiff's office and without cause or reason abused and cursed the plaintiff, yet if you further believe from the evidence that plaintiff was the physical aggressor and struck the first blow in the encounter which followed, and that during the said encounter he was injured, you must find for the defendant.

The following excerpts from the court's oral charge were excepted to:

"If you believe that Harper committed this assault on Dupree or was advancing on him in a threatening manner as if to attack him, why, then, if the circumstances were such as to impress a reasonably prudent man with the belief that he was about to attack, taken in connection with the words Harper is said to have used towards Dupree, then it is for you to say whether or not Dupree under these circumstances was acting in self-defense when he resisted that."

And:

"Or if he was acting in self-defense, and this injury was received by him falling against the safe and breaking two or three ribs and an arm, if you believe he injured or broke his arm while resisting the alleged threatening advance of Harper on him at the time, then it may be said that the injury received was accidental."

And:

"But it is insisted by the plaintiff, however, that his statement while on the stand as a witness is a true version of the facts in this case."

Tillman, Bradley & Morrow, of Birmingham, for appellant.

R. H. Thach, of Birmingham, for appellee.

SAMFORD, J. The plaintiff was insured by defendant against "loss resulting from bodily injuries, effected directly and independently of all other causes, through external, violent, and accidental means." According to the plaintiff's contention, which was supported by evidence, the plaintiff was injured while engaged in a difficulty with one Harper, under the following circumstances: Plaintiff was in his own office, when Harper entered, and without provocation began a conversation with plaintiff, in which Harper became abusive in his language towards plaintiff, and finally used toward him several vile epithets, at the same time making demonstrations with his fists as if to attack and "rushing" plaintiff as he arose from his chair, whereupon plaintiff arose from his chair and struck Harper a blow on the jaw, and in the difficulty plaintiff was knocked down, fell against an iron safe, and as a result had his right forearm and three ribs broken. The point is made by defendant that, as plaintiff was the physical aggressor in the encounter in which he was injured, the injury sustained by him cannot be classed as an accident within the terms of the policy. It seems to be conceded that an

injury inflicted on one who did not voluntarily enter into an affray is an accident, and a recovery may be had therefor, in the absence of an exception in the policy. 4 Cooley's Briefs, p. 3159; 14 R. C. L. p. 1255, § 433; Supreme Council v. Garrigus, 104 Ind. 133, 3 N. E. 818, 54 Am. Rep. 298; Fidelity & Cas. Co. v. Johnson, 72 Miss. 333, 17 South. 2, 30 L. R. A. 206. Nor are the above in conflict with the case of Prudential Cas. Co. v. Curry, 10 Ala. App. 642, 65 South. 852.

[1] That brings us to the question as to whether a man who strikes in self-defense, although the blow stricken be the first physical contact between the parties, is such a voluntary act on his part as would preclude a recovery under the policy. We are of the opinion that the rule is contrary to appellant's contention. If the plaintiff was engaged in a difficulty with Harper, and he was free from fault in provoking or bringing on the difficulty, and in the difficulty he was injured as alleged and proven, his injury is covered by the terms of his policy of insurance. Lovelace v. Trav. Prot. Ass'n, 126 Mo. 104, 28 S. W. 877, 30 L. R. A. 209, 47 Am. St. Rep. 638; Warner v. U. S. Mut. Acc. Ass'n, 8 Utah, 431, 32 Pac. 696; Accident Ins. Co. v. Bennett, 90 Tenn. 256, 16 S. W. 723, 25 Am. St. Rep. 685; Richards v. Trav. Ins. Co., 89 Cal. 170, 26 Pac. 762, 23 Am. St. Rep. 455; Supreme Council, O. of C. F., v. Garrigus, 104 Ind. 133, 3 N. E. 818, 54 Am. Rep. 298. The foregoing is in line with the rule laid down in 1 Am. & Eng. Ency. of Law (1st Ed.) p. 87, and Equitable Acc. Ins. Co. v. Osborn's Adm'r, 90 Ala. 201, 9 South. 869, 13 L. R. A. 267. The evidence in this case discloses the fact that the assault of Harper on plaintiff was entirely unprovoked and unwarranted, and the jury was warranted in finding that the plaintiff acted entirely in self-defense in an assault then and there being made upon him.

[2] The plaintiff, however, declared on a policy of insurance, and, if entitled to recover, must bring himself within the terms of the contract on which he declares. The policy was introduced in evidence without objection, and by its terms bound defendant to pay certain indemnities in case of accident, which in this case was so much weekly indemnity for total loss of time and so much for partial loss of time. There was a clause in the policy in words and figures as follows:

"*Part E. Elective Benefits.*—The insured, if he so elects in writing within twenty days from date of accident, may take, in lieu of the weekly indemnity hereinbefore provided for total or partial disability, indemnity in one sum, according to the following schedule, if the injury is one set forth in such schedule, but not more than one elective benefit shall be paid for injuries resulting from one accident. Where the insured is entitled to double indemnity the elective indemnity shall be doubled in like manner. * * *

"For complete fracture of the forearm, between wrist and elbow............$300."

No election was shown to have been made by plaintiff according to the terms of the policy authorizing a claim under part E, and no evidence was offered to show facts authorizing a recovery for the total or partial loss of time. Under these circumstances the plaintiff could not recover under part E, nor under the evidence in this record was he entitled to a recovery for weekly indemnity, none having been proven.

The written charges made the basis of assignments of error 2, 3, and 6 were properly refused, being in conflict with the foregoing views and in addition have misleading tendencies. That part of the court's oral charge to which exception was taken, when taken in connection with the whole charge of the court, was without error. We deem it unnecessary to pass upon the other questions presented, as the foregoing opinion will doubtless be a sufficient guide to the trial court on another trial.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.