## Holmes v. American Nat. Ins. Co.[*]

(Division B. April 19, 1926.)

[107 So. 867. No. 25657.]

1. Insurance. *Clause in accident policy, excluding liability for intentional injuries, held to limit liability to accidental injuries not intentionally inflicted, precluding recovery on agreed statement showing accidental injury intentionally inflicted.*

Clause in accident policy, excluding liability for injuries intentionally inflicted, *held* to limit liability to accidental injuries not

intentionally inflicted, and precludes recovery on agreed statement that insured was injured by external, violent, and accidental means, intentionally inflicted.

2. INSURANCE.

An intentional injury by another may be accidental as to insured, but insurance company may provide against payment for such injury.

---

*Corpus Juris-Cyc. References: Accident Insurance, 1 C. J., p. 442, n. 9; p. 443, n. 21. Effect of provision in accident insurance policy exempting or limiting its liability in case of an injury intentionally inflicted by another, see notes in 30 L. R. A. 206; 48 L. R. A. (N. S.) 524; 14 R. C. L., 1260 et seq.; 3 R. C. L. Supp., 371; 4 R. C. L. Supp., 954; 5 R. C. L. Supp. 806. Death or injury intentionally inflicted by another as due to accident or accidental means within meaning of accident policy, see note in 20 A. L. R. 1123.

APPEAL from circuit court of Jones county, second district.

HON. R. S. HALL, Judge.

Suit by Elijah Holmes against the American National Insurance Company. Peremptory instruction for defendant, and plaintiff appeals. Affirmed.

*D. B. Cooley,* for the appellant.

The only question involved in this appeal is whether or not a bodily injury sustained solely through external, violent and accidental means, leaving a visible mark on the body, is exempted by the terms of the policy from liability because intentionally inflicted by any person for private or personal reasons.

The court will note carefully that the exemption relied on in this case, which reads as follows: "(11) Injuries intentionally inflicted upon the insured by any person for private or personal reasons;" does not exempt "*any bodily injuries*" sustained solely through external, violent and accidental means. Neither is there any reference made to "*such injury,*" this being the term by which injuries in the first class were to be described when mentioned in the policy.

The court will further carefully note that the exemption does not undertake to include *"all injuries"* or *"any injuries"* but merely states *"injuries."* It is my contention that, in order to exempt the class of injuries mentioned in the first category of the policy, specific mention ought to have been made of this particular injury and ought to have been described in the same or similar language as used in the first part of the policy. In other words, that the exemption should have been as broad as the language of the policy describing the injury in the first part of the policy. Unless this rule is adopted there will be an ambiguity.

It is a cardinal rule in solving ambiguities in insurance policies that the language should be construed strictly against the assurer, and the meaning awarding, rather than defeating, liability should be taken. See 1 C. J., p. 442, par. 102, and note; *Stevens* v. *Railway Officials & Operators Accident Ass'n.,* 75 Miss. 84. The last case is directly in point and is decisive of the question involved here. The case ought to be reversed.

*A. B. Scott,* for appellee.

Appellant does not state the question for decision. The question arises: How can one be "accidentally injured" when it is admitted that said injury was "intentionally" inflicted for personal reasons? And the question for the court to decide is this: Can one who is injured intentionally by another person for personal reasons recover on an insurance policy which provides that he should not be covered in the case of "injuries intentionally inflicted upon the insured by any person for private or personal reasons? This is simply a matter of contracting. If the insured contracts that he will not be covered if he is injured intentionally by any person for private or personal reasons, then that is the kind of policy that he bought, and that is all there is to it.

The insured here contracted that he would not expect recovery if he should be injured by any person, inten-

tionally so, and for private or personal reasons. The insured could have bought a policy to cover such risks, but the premiums on such policy would have cost him more.

The *Sarah Stevens case,* 75 Miss. 84, is altogether different from ours. This case was one in which the exception against liability for injury or death resulting from the intentional act of another *was not* expressly made a part of the policy. *In the case at bar this above stated exception was made expressly a part of the policy.* We cite *Travelers' Ins. Co.* v. *McConkey,* 127 U. S. 661, as a case directly in point.

Holden, P. J., delivered the opinion of the court.

The suit is to recover upon an accident insurance policy, on account of an injury to the insured, who was intentionally shot by another person. From a peremptory instruction granted the insurance company, this appeal is prosecuted.

The agreed statement of facts, among other things, contains the following:

"It is further agreed that on or about the 10th day of March, 1925, plaintiff was shot by one Willie Hall, with a pistol, in the abdomen, and very dangerously wounded; that said bodily injury was sustained solely through external, violent and accidental means, and that said injury left an external and visible mark on the body of plaintiff; that said injury was intentionally inflicted upon plaintiff by the said Willie Hall for personal reasons."

The record also shows that the injury received by the insured "wholly and continously disabled plaintiff from performing any and every duty pertaining to his business or occupation, for a period of two and one-half months." It is agreed that the insured shall recover one hundred twenty-five dollars, if entitled to recover any sum.

The accident policy provides that there shall be no liability for "injuries intentionally inflicted upon the insured by any person for private or personal reasons."

The facts agreed to by counsel herein, as will be seen above, show that the injury sued for was intentionally inflicted upon the insured by one Willie Hall, for personal reasons.  Therefore the appellee insurance company contends that no recovery can be had in this case, because the injury or accident in question was intentionally inflicted, and is excluded from the policy.

The appellant makes the contention that, when counsel for appellee agreed that "said bodily injury was sustained through external, violent, and accidental means," he, to use an old familiar expression, "agreed himself out of court," because the agreed facts bring the case within the provisions of the policy.

We cannot bring ourselves in accord with the position taken by counsel for appellant, because the policy expressly provides that there shall be no liability for any injury intentionally inflicted for personal reasons; this clause limits the liability of the insurance company to those accidental injuries not intentionally inflicted by another person.  The intentional infliction of an injury to the insured may, in a legal sense, be accidental so far as he is concerned, but the policy clearly provides there shall be no liability for such accidental injuries intentionally inflicted.

To try to make it somewhat plainer:  An intentional injury by another may be accidental as to the insured, but the insurance company may provide against payment where such accidental injury is intentionally inflicted upon the insured; and that is exactly what the policy provides in the case before us.  See the cases of *Fidelity Casualty Co.* v. *Johnson,* 17 So. 2, 72 Miss. 333, 30 L. R. A. 206, and the recent ([officially] unpublished) case of *Mattie Hutson* v. *Continental Casualty Co.,* 107 So. 520, decided by this court March 22, 1926.

In view of the conclusions above, the judgment of the lower court is affirmed.

                                                        *Affirmed.*