148 So. 162

## LIFE & CASUALTY INS. CO. OF TENNES-SEE v. WHITEHURST.

### I Div. 90.

Court of Appeals of Alabama.

Feb. 14, 1933.

Rehearing Denied March 7, 1933.

John N. Allen, of Mobile, for appellee.

Moreau P. Estes and P. M. Estes, both of Nashville, Tenn., for appellant.

SAMFORD, Judge.

The plaintiff in the court below (appellee here) brought suit on a policy of accident insurance, insuring Thelma Whitehurst against the result of bodily injuries, including death effected solely by external, violent, and accidental means, strictly in the manner and subject to the provisions stated in the policy. The policy then proceeds to limit the character of accident against which the said Thelma is insured, one of which is (and the only one with which this appeal is concerned): "By the collision of or by any accident to any * * * private motor driven automobile in which insured is riding or driving."

The facts as agreed upon are as follows:

"Prior to the 28th day of August, 1930, the defendant issued to one Thelma Whitehurst (who was known also as "Thelma Wooten") an accident insurance policy which provided, among other things, that the defendant would pay to the plaintiff, who was the beneficiary named in said policy, the sum of One Thousand Dollars ($1000.00) for loss of life of the said insured, Thelma Whitehurst, as the result of bodily injuries received by her during the time said policy was in force, and effected solely by external, violent and accidental means by accident to or collision of any private motor driven automobile in which the insured might be riding, and provided further that in such accident there should be some external or visible evidence on said automobile of the collision or accident, and that, of the injury sustained, there should be a visible contusion or wound on the exterior of the body of insured.

"On the 28th day of August, 1930, while said policy was in full force and effect, and all premiums which had become due there-on were fully paid, the said insured, Thelma Whitehurst, was riding in a private motor driven automobile on a public road in Mobile County, Alabama, and while so riding in said automobile, sustained an injury effected solely by external, violent and accidental means, in the manner following, viz: by being struck in the back of her head with a bullet fired at, through and into the automobile in which she was riding as aforesaid; the injury thus inflicted on the insured causing and leaving a visible wound on the back of her head where the bullet struck.

"The bullet which struck the insured was fired at, through and into said automobile by one of two deputy sheriffs of Mobile County, Alabama, who were standing on or near the road over which said automobile was traveling. These deputies desired to search said automobile, and immediately before firing, attempted to stop it by hailing the driver, but the driver failed to stop because he did not know the identity of the men who hailed him, nor did he know that they were deputies. As the automobile passed the deputies, they fired a number of shots at the rear tires and the gasoline tank located on the rear of the automobile, for the purpose of disabling and causing it to stop, and one of these bullets pierced the glass window forming part of the back of the automobile and struck the insured in the back of her head, as aforesaid. The bullets fired at the automobile and struck the insured in the back of her head as aforesaid. The bullets fired at the automobile, including that which struck the insured, were fired simply for the purpose of disabling the car and causing it to stop, and not at or with the intention of striking any of the occupants thereof. In piercing the rear of said automobile, the bullet which struck the insured caused and left external and visible evidence of the accident on the automobile.

"As the result of being struck in the back of her head by the bullet fired as aforesaid, the said insured, Thelma Whitehurst, died on the 2nd day of September, 1930. At the time she died, the aforesaid policy was in full force and effect.

"Due and proper proofs of the said injury and death of the said Thelma Whitehurst, as required by said policy, were furnished the defendant under date of September 10th, 1930, but the defendant has failed and refused to pay any sum whatever under said policy on account of said injury and death of the insured.

"A copy of the policy sued on is attached hereto, and by reference made a part hereof, as fully as if set forth herein.

"One of the two deputies who fired, at said automobile has been convicted of manslaughter of the second degree, and the other is waiting trial under an indictment against him based on shooting at said automobile.

"It is agreed further that the sole question to be decided by this Court under the foregoing statement of facts is whether or not the insured, Thelma Whitehurst, suffered the loss of her life as the result of an accident to an automobile within the meaning of the policy."

This appeal turns on a correct interpretation of that clause in the policy which reads: "By any accident to any private horse drawn vehicle or private motor driven automobile in which insured is riding or driving."

So that, so far as this suit is concerned, the policy protects the insured against the result of bodily injuries received during the life of the policy and effected solely by external, violent, and accidental means, by any accident to the automobile in which she was riding at the time she was shot and killed.

■■ In construing this policy we do so in full recognition of the rule referred to in Life & Casualty Ins. Co. v. Tollison, 223 Ala. 78, 134 So. 805, that insurance contracts may be and often are made with very limited coverage, the small premium being fixed on careful calculation of the hazard assumed. The policy here is such a contract and we are construing it according to its terms. This principle is recognized in authorities cited in appellant's brief, notably 14 R. C. L. 927; Penn v. Ins. Co., 160 N. C. 399, 76 S. E. 262, 42 L. R. A. (N. S.) 597; Commonwealth Cas. Co. v. Aichner (C. C. A.) 18 F.(2d) 879; Seay v. Ga. Life Ins. Co., 132 Tenn. 673, 179 S. W. 312, Ann. Cas. 1916E, 1157. In so construing the contract we do not lose sight of that other rule, equally as well settled, that the contract was prepared by the insurer and in case of doubt as to its meaning the insured is to be given the benefit of such doubt. Life & Cas. Ins. Co. of Tenn. v. Tollison, 223 Ala. 78, 134 So. 805.

■ What then is the meaning of the clause in the contract which agrees to pay indemnity for injury caused: "By any accident to any * * * private motor driven automobile in which insured was riding."

Strong argument is made and many authorities are cited in brief of appellee to the conclusion that the shot fired by the officers, which shot punctured the rear glass of the automobile in which insured was riding, was an accident to the automobile. Among these cited cases is our own case of Travelers' Ins. Co. v. Dupree, 17 Ala. App. 131, 82 So. 579, together with other cases of like holding in Employers' Indemnity Corp. v. Grant (C. C. A.) 271 F. 136, 20 A. L. R. 1123 et seq. We can well agree with the contention made by appellee that the same shot which punctured the rear glass of the automobile and struck the insured in the back of the head resulting in her death was an accident, and if the policy here sued on had provided against accidental death generally, there would be no doubt of plaintiff's right to recover in this case. But in the instant case the liability of appellant is limited to death or injury caused by an accident to the automobile in which insured was riding, or to state the coverage by paraphrasing the applicable clause in the policy; liability would arise, if the insured shall by any accident to an automobile in which she is riding suffer death, the company will pay, etc. This clause of the policy can have but one meaning and that is that the injury causing death must have been the result of the injury to the automobile.

■ In Corpus Juris, Vol. 1, p. 470 (180), it is laid down as a general rule, to which we have found no exceptions, that, even apart from any express provisions of the policy in order to fix liability on the insurer, an accident such as is within the contemplation of the policy must be the proximate cause of the injury for which indemnity is claimed, and in this connection proximate cause means that cause which directly produces the effect.

■ In the instant case the accident causing the death of the insured was the bullet fired from the pistol of the prohibition officer who was shooting at the gas tank of the automobile in which insured was riding. That the rear glass of the automobile was also accidentally struck by the same bullet was incidental, the one having no causal connection with the other. The injury to the insured was entirely independent of the injury to the automobile, and the injury to the automobile did not contribute in the remotest degree to the injury of the insured.

The case of Mochel v. Iowa State Trav. Men's Ass'n, 203 Iowa 623, 213 N. W. 259, 51 A. L. R. 1327, is to be differentiated from the case at bar in that the question in that case was what it takes to constitute a wreck, within the meaning of an insurance policy providing for double indemnity where the injury complained of was the result of a train wreck. The question of proximate cause was not raised in that case and if it had been the facts of that case would have justified a recovery. Other authorities cited by appellee are either not in point or are to be differentiated.

The facts on another trial would be the same as here appear, making a remandment of the cause useless. The plaintiff is not entitled to recover on the facts in this record. The judgment will here be rendered in favor of the appellant.

Reversed and rendered.