### TEXAS UNITED LIFE & CASUALTY CO. v. PARRISH.

#### No. 15010.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1949.

Rehearing Denied Feb. 25, 1949.

Herman Glosserman, of San Antonio, and Simon & Simon and Richard U. Simon, all of Fort Worth, for appellant.

M. Hendricks Brown and Wm. B. Townsend, both of Fort Worth, for appellee.

HALL, Justice.

Appellee, Robert E. Parrish, sued appellant, Texas United Life and Casualty Company in the County Court at Law of Tarrant County, Texas to recover upon an accident insurance policy issued by appellant to appellee.

Trial was to the court. Judgment was rendered in favor of appellee for the sum of $234.29, plus interest and costs; from such adverse judgment appellant presents this appeal predicated upon three points to the effect the court erred in ruling that:

(1) Parrish injured his hand when he intentionally hit Weston above the eye, and the loss resulting therefrom was an accidental and unexpected bodily injury.

(2) The injury to Parrish's right hand and the placing of the hand in a cast did

"wholly and continuously disable the insured and prevent him from performing any and every duty pertaining to his occupation" between April 23, 1947 and May 31, 1947.

(3) Following removal of cast from hand, Parrish was unable to perform all important daily duties pertaining to his occupation and he was entitled to partial disability for the period of six weeks following May 31, 1947.

The undisputed evidence as recited in appellant's brief is in part as follows: "The evidence was without dispute that Parrish and a man named Weston worked for Scott Drug Company, a retail drug store in Fort Worth; that on April 23d, while Parrish was in the prescription department, Weston approached and, after an exchange of words, cursed Parrish and said he was going to beat him up, whereupon Parrish stepped back, removed his glasses and placed them on a ledge, took deliberate aim at Weston's chin with the intention of knocking him out in one blow, missed his chin and hit Weston over the eye with his right fist, following which there was a scuffle."

The obligation set out in the policy pertinent to the issues involved herein is as follows: " * * * and is against loss resulting directly and independently of all other causes from accidental and unexpected bodily injuries," etc.

Appellant's contention set out in point one is to the general effect that appellee's injuries were not accidental and unexpected because appellee intended to hit a third party on the bony part of the face or head; he therefore knew or should have known that such striking would have the tendency to injure his hand in some way and that his striking a third party would result in continuation of a fight. Even though it be conceded by appellant that appellee was acting in self defense, yet under the contract the question is as to whether his injuries were accidental and unexpected.

Appellant relies upon the case of Fidelity & Casualty Co. v. Stacey's Ex'rs, 4 Cir., 143 F. 271, 5 L.R.A.,N.S., 657, 6 Ann.Cas. 955, which facts, it claims, are similar to the ones before us, but a reading of the cited case indicates that one Stacey and Porter were arguing over some money; Stacey cursed Porter and after some argument between the two Stacey hit Porter and while doing so he injured his knuckles, developed blood poisoning and died.

The difference we see in the case cited and the one before us is that in the cited case the injured party was the aggressor while in the instant case the injured party merely undertook to protect himself under an unprovoked threatened attack and while so doing he received his hand and rib injuries.

As stated in the case of Travelers' Ins. Co. v. Dupree, 17 Ala.App. 131, 82 So. 579, 580: "That brings us to the question as to whether a man who strikes in self-defense, although the blow stricken be the first physical contact between the parties, is such a voluntary act on his part as would preclude a recovery under the policy. * * * If the plaintiff was engaged in a difficulty with Harper, and he was free from fault in provoking or bringing on the difficulty, and in the difficulty he was injured as alleged and proven, his injury is covered by the terms of his policy of insurance." Citing cases.

In the case of Occidental Life Ins. Co. v. Holcomb, 5 Cir., 10 F.2d 125, 127, the rule is again announced: "Where the insured is innocent of aggression or wrongdoing, and is killed in an encounter with another, his death is considered accidental, within the meaning of the usual accident policy. * * * And even where the insured is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another, the beneficiary may recover." However, the insured was the aggressor and recovery was denied.

Again in the case of Mutual Benefit Health & Accident Ass'n v. Ryder, 166 Va. 446, 185 S.E. 894, it was held that a "Person who assaults another, or voluntarily enters into an affray and is hurt, has not suffered 'accident' within health and accident policy, but, if assaulted, he may defend himself, and injury which he sustains in so doing is 'accidental.' "

Hence, we overrule appellant's point one.

In overruling appellant's point two: We have read the testimony of appellee and find there is sufficient evidence to sustain the court's judgment. In addition to having his hand in a cast for the prescribed length of time set out in the testimony, upon which recovery is based, appellee testified that during the affray he fell and injured several ribs and that the doctor kept same bandaged up several days; that he could not fulfill his duties, such as filling prescriptions and lifting heavy articles.

The court filed the following findings of fact:

"1. On April 23, 1947, there was in force the health and accident insurance policy issued by the defendant, Texas United Life & Casualty Company, a mutual life, health and accident company incorporated under the laws of the State of Texas, insuring plaintiff, Robert E. Parrish against 'loss resulting directly and independently of all other causes from accidental and unexpected bodily injuries sustained while this policy is in force.'

"2. On April 23, 1947, plaintiff sustained a fracture to one of his ribs and a fracture of the bones of his right hand.

"3. Plaintiff sustained the injury to his right hand when he struck one John Weston, who immediately prior thereto had cursed plaintiff and who was then by his conduct threatening plaintiff, causing plaintiff to reasonably fear for his own safety; and he sustained the injury to his rib when he was struck by John Weston after the occurrence of the preceeding events.

"4. Plaintiff was regularly attended by a licensed physician other than himself or a relative and incurred medical expenses in excess of $20.00 for the treatment of the fracture of his rib and the bones of his right hand by Dr. Jack Furman.

"5. As a result of such injuries plaintiff was unable to perform any of his duties as a licensed pharmacist from the date of such injuries, April 23, 1947, to May 31, 1947.

"6. As a result of such injuries plaintiff was unable to perform one or more daily duties incident to his occupation as a li-censed pharmacist for a period of six weeks following his total disability."

There is sufficient evidence to support the above findings by the court.

The court's conclusions of law we find to be correct and are as follows:

"1. Plaintiff's loss resulted directly and independently of all other causes from accidental and unexpected bodily injuries.

"2. Such injuries, independently and exclusively of all other causes, within twenty days from the date of the accident wholly and continuously disabled plaintiff and prevented him from performing any and every duty pertaining to his occupation, entitling him to recover the sum of $139.29, under Part II, Section A of the policy.

"3. Such injuries, immediately following his total disability, continuously disabled and prevented plaintiff from performing one or more important daily duties pertaining to his occupation, entitling him to the sum of $75.00 under Part II, Section B of the policy.

"4. Plaintiff is entitled to recover the sum of $20.00 as surgical indemnity, under Part VI of the policy."

As to appellant's contention that appellee should not recover upon the policy because in his application for such policy he stated that the nature of his occupation was that of "druggist" and therefore under such terminology he could have done some work around the drug store. We overrule this contention.

In overruling appellant's point three we state that the testimony of appellee given in its most favorable light in support of the judgment reveals that appellee was entitled to partial disability for the period of six weeks following his total disability. Testimony along this line is substantially as follows: The court found appellee's total disability ceased May 31, 1947. Appellee testified, in substance, after that date he was unable to go back to work until June 18 of the same year, that he could not perform all the duties of a pharmacist, such as making powered capsules, due to the fact that he could not use two of his fingers properly; that he could not perform all

694

the duties of his work until about the 10th or 15th of July of the same year.

Having overruled all of appellant's points, judgment of the trial court is affirmed.