OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA *v.* BARNES.

No. 39860          January 9, 1956          84 So. 2d 423

*R. H. Dale, Sebe Dale, Jr.,* Columbia, for appellant.

398

*Henry Mounger, Hall & Callender, Ernest Duff, Maurice Dantin,* Columbia, for appellee.

GILLESPIE, J.

This is a suit by the beneficiary in an insurance policy issued by appellant on the life of Andrew Barnes. Barnes was stabbed to death by L. C. Bass, and the appellee contends that the death of insured was the result "directly and independently of all other causes from accidental bodily injuries." The sole question is whether Andrew Barnes died as the result of an accident, within the meaning of the policy.

We review the facts for the purpose of determining whether the jury was justified in finding that Barnes was not the aggressor in the encounter in which he lost his life, and did not provoke the encounter. A considerable crowd was gathered in and around Addie's Juke Joint. L. C. Bass, Pearl Fortenberry and others were inside, while Andrew Barnes was standing outside. Bass wanted to dance with Pearl, but she declined. Both became angry and an argument started. Bass went out-

side and got a large stick about three or four feet long. Bass drew the stick on Pearl and she ran out of the building, pursued by Bass. In order to get away from Bass, Pearl ran behind Andrew. Up to this time Barnes had not participated in the trouble in any way. Barnes was between Pearl, who was behind him, and Bass, who was in front of him, with the stick raised in a hitting position. Some of the witnesses thought the stick was drawn on Pearl and some thought it was drawn on Barnes. In either event, Barnes was justified in believing that Bass was about to do him great bodily harm with the stick. At this instant, Barnes struck Bass in the head with a knife, turned away and started to his car. Just as he reached his car, Bass, who was mortally wounded by the stab wound in the side of his head, overtook Barnes and they "bearhugged" and fell and rolled on the ground. A number of others crowded around and five or six people were around or on top of Barnes. After they got off Barnes he was unable to speak, and died shortly thereafter from two stab wounds. Bass also died.

There was evidence on the part of appellant that Bass was not threatening Barnes when Barnes stabbed Bass, but the jury rejected this evidence.

■■ Where an insurance policy insures against accidental injury or death, and the policy does not exclude death intentionally inflicted by another, and the insured is injured or killed in a fight he did not provoke, and wherein he was not the aggressor, the injury or death of the insured is accidental within the meaning of the policy. 29 Am. Jur., Insurance, Sec. 972; Fidelity & Casualty Co. v. Johnson, 72 Miss. 333, 17 So. 2; Cf. Holmes v. American National Insurance Co., 142 Miss. 636, 107 So. 867, and Georgia Casualty Co. v. Mills, 156 Miss. 853, 127 So. 555.

■■ On the other hand, where one is insured against accidental injury or death, and the insured culpably

provokes an encounter, or is the aggressor therein, in the course of which, or as the result of which, the insured is killed or injured, the death or injury is not accidental within the meaning of the policy; for in such case, the injury or death is the natural and probable consequence of the act of the insured, and cannot be said to be accidental. 29 Am. Jur., Insurance, Sec. 980; Anno., 26 A.L.R. 2d 399.

The fact issue was fairly presented to the jury on proper instructions, and it found that insured did not provoke the fight and was not the aggressor. There is no basis for us to disturb this finding.

Affirmed.

*McGehee*, C.J., and *Lee, Kyle*, and *Holmes* JJ., concur.