**Lillian Marie KING, Appellee,**

v.

**STATE FARM LIFE INSURANCE COMPANY, Appellant.**

No. 71-1131.

United States Court of Appeals, Eighth Circuit.

Oct. 4, 1971.

---

Robert L. Neighbors, Sam Laser, Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., for appellant.

J. E. Lightle, Jr., Lightle & Tedder, Searcy, Ark., for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from a final judgment rendered by the trial court upon a jury verdict for Mrs. Lillian Marie King (Lillian) in a suit on a policy of life insurance against State Farm Life Insurance Company (State Farm) and from a subsequent order denying State Farm's motion for judgment in accordance with the motion for directed verdict or for new trial. The sole issue in this action is whether or not the death of Jessie Sherwood King (Sherwood) was accidental within the meaning of the policy. The jury determined it was, and we affirm the judgment entered upon that verdict.

The policy of insurance issued by State Farm was in the principal sum of $22,000.00. It also contained a section which provided an additional $22,000.00 of insurance for accidental death. The regular death benefit was paid, but the additional benefit for accidental death was contested by State Farm on the basis that Sherwood should have anticipated and foreseen that he would be shot if he gave his brother a gun as hereinafter described.

Sherwood, the insured, was killed on July 25, 1969, by his younger brother, Bruce. The brothers had been working together that day, and prior thereto, near Beaumont, Texas; Sherwood was a welder and Bruce was his helper. The wives of Sherwood and Bruce were with them, and both families were living in the Alamo Plaza Motel in Beaumont. Bruce was thought by his family, including Sherwood, to be emotionally disturbed.

The testimony showed that on July 25, 1969, the brothers returned to the motel late in the afternoon in Sherwood's truck. They were arguing, and Bruce threw a glass across the bed of the truck at Sherwood. Bruce then threatened to get his gun and kill Sherwood. Sherwood told him he wasn't going to shoot anybody. Bruce ran to his room, knocking down his wife and baby on the way. A few minutes later, he came back (without his gun) and attempted to hit Sherwood with his fists. Sherwood hit Bruce in the mouth, knocked him down and held him there. When he let Bruce up, Bruce ran back to his room.

A few minutes later Bruce knocked on the door of Sherwood's room and inquired of Lillian as to the whereabouts of Bruce's wife, Yvonne. Lillian refused to tell him and told him she thought he was a "pretty poor excuse for a man to knock his wife and baby down," and Bruce agreed with her. Bruce returned to his room, and Lillian and Sherwood heard sounds indicating Bruce was "tearing up his room." Lillian, Sherwood and Yvonne went to Bruce's room and found it to be in a torn up condition. All four of them began to clean the room, and it was decided Bruce should leave to avoid a possible arrest for destruction of the property in the room. Bruce got his car and started loading it. Sherwood said he would pay for the damages for Bruce.

Bruce asked for his gun. Sherwood got the gun; and, after Bruce asked for it several times, Sherwood threw it on the bed and told Bruce, "There's your old gun; I want you to shut up about it now, because you're not going to kill anybody anyhow." Bruce took the gun from the case; and, while Sherwood was looking down at his baby, Bruce shot Sherwood in the abdomen. He then moved closer and shot him in the head.

Sherwood died that day as a result of one or both of those wounds.

On appeal, State Farm urges that the trial court erred in overruling its motion for directed verdict at the close of all the evidence or for judgment in accordance therewith, or in the alternative for a new trial; that the trial court further erred in giving instruction 7, in modifying its requested instruction 3, and in refusing to give its requested instructions 4 and 5.

## I. MOTION FOR DIRECTED VERDICT

■ This policy was issued in Mississippi and both parties agree that the substantive law to be applied is the law of that state. The supreme court of that state has held that a death may be "accidental", even though intentionally inflicted (unless the policy specifically excludes intentionally inflicted death), if "the insured is injured or killed in a fight he did not provoke, and wherein he was not the aggressor, * * *" Benefit Ass'n of Railway Employees v. Harrison, 233 Miss. 834, 103 So.2d 925, 927 (1958); Occidental Life Insurance Co. of Cal. v. Barnes, 226 Miss. 396, 84 So. 2d 423, 424 (1956); Fidelity & Casualty Co. v. Johnson, 72 Miss. 333, 17 So. 2, 3 (1895). However, when the death is the "natural and probable consequence of the act of the insured," it "cannot be said to be accidental." Occidental Life Insurance Co. of Cal. v. Barnes, *supra.* "Whether an injury is accidental, is to be determined from the standpoint of the person injured. If the injury comes to him through external force, not of his choice or provocation, then as to him the injury is accidental." Georgia Casualty Co. v. Alden Mills, 156 Miss. 853, 127 So. 555, 557 (1930). "In these and all like cases in which death occurs by violent means, external to the man, and against or without intention or concurrence of will on the part of the man, death may properly be called an accident." Fidelity & Casualty Co. v. Johnson, *supra.*

■ Under the facts hereinbefore set forth and under the law of the state of Mississippi, the questions of whether Sherwood provoked the assault, whether his death was the natural and probable consequence of his giving the gun to Bruce, and whether it was of his own choice or provocation were clearly questions for the jury. Considering the evidence in the light most favorable to the appellee as the prevailing party, as we are required to do, A. B. McMahon Co. v. Amphenol Corp., 443 F.2d 1072, 1076 n. 4 (8th Cir. 1971); Lewis v. Mobil Oil Corp., 438 F.2d 500, 505 (8th Cir. 1971); Breeding v. Massey, 378 F.2d 171, 176 (8th Cir. 1967), and cases cited therein, we cannot say that as a matter of law the trial court erred in refusing to direct a verdict for State Farm or in refusing to enter judgment in accordance therewith following trial.

The only additional grounds alleged as the basis for the motion for new trial relate to the instructions hereinafter discussed.

## II. ADEQUACY OF INSTRUCTIONS

■ The court gave plaintiff's requested instruction 7 which provided:

"You are instructed that where an insurance policy insures against accidental death, and the policy does not exclude death intentionally inflicted by another, and the insured is killed without any intention, provocation, or concurrence of will on his part, then the death is an accident within the meaning of the policy. Likewise, whether a killing is accidental is to be determined from the standpoint of the deceased. If the killing is through external force, not of his own choice, or provocation, then as to the deceased, the injury is accidental. Therefore, in considering the facts in this case and in determining whether the death of Sherwood King was due to accidental means, you will approach the question from the standpoint of Sherwood King at the time and under the circumstances as they appeared to him. If he anticipated or should have antic-

ipated that Bruce King would act in the way he did, then the shooting was not by accidental means. On the other hand, if Sherwood King did not anticipate, or have reason to anticipate, in the light of all the circumstances that he would get shot, then his death would be by accidental means."

State Farm objected generally and specifically to the inclusion of the word "intention" and the phrase "concurrence of will" on the ground that "concurrence of will" was not explained to the jury, that it constituted an erroneous declaration of law, that it was abstract and confusing and constituted a comment on the evidence.

An examination of the record discloses that the learned trial judge offered to give an instruction as to the meaning of "intention" and "concurrence of will" which was declined by State Farm. The general rule is that instructions must be read as a whole and considered in the light of the entire charge. Bennett, Trustee v. First National Bank of Humboldt, Iowa, 443 F.2d 518, 521 (8th Cir. 1971); Flentie v. American Community Stores Corp., 389 F.2d 80, 82 (8th Cir. 1968); Town of Radcliffe, Iowa v. Carroll, 360 F.2d 321, 324 (8th Cir. 1966); Walton v. Eckhart, 354 F.2d 35, 38 (8th Cir. 1965); Baker v. United States, 115 F.2d 533, 541 (8th Cir. 1940), cert. denied, 312 U.S. 692, 61 S.Ct. 711, 85 L. Ed. 1128 (1941). In our opinion, this instruction, thus considered, substantially reflects the law of the state of Mississippi as applied to the facts of this case and was not erroneously given.

█ The Court has carefully examined the other alleged errors in the modification and refusal of its suggested instructions. As to the modification of State Farm's proposed instruction 3, no objection was offered; and in the absence of an objection, this Court will not ordinarily consider the alleged error. Walther v. Omaha Public Power District, 412 F.2d 1164, 1169 (8th Cir. 1969); Weir v. Simmons, 357 F.2d 70, 74 (8th Cir. 1966); Gulf, Mobile and

Ohio Ry. v. Thornton, 294 F.2d 104, 109–110 (8th Cir. 1961); Arrow Aviation, Inc. v. Moore, 266 F.2d 488, 495 (8th Cir. 1959).

However, a careful reading of the revisions to defendant's proposed instruction 3 (including the references to "intentional" and "concurrence of will") does not disclose any error on the part of the trial court, but rather a general reflection of the law of the state of Mississippi as hereinbefore set forth.

█ Defendant's proposed instructions 4 and 5 were as follows:

"Jesse Sherwood King's death was not caused by accidental means if his death was a natural and foreseeable result of his voluntary, though unusual and unnecessary act or course of conduct."

"If Jesse Sherwood King's death was a reasonably foreseeable consequence of his own voluntary act, it is immaterial that he in fact did not intend for his death to occur or was not aware that it might result."

The substance of these two proposed instructions was included in the instructions actually given when the court stated as follows:

" 'Accidental means,' those means which produce results that are not their natural and probable consequences, or something which takes place without the foresight or expectation of the insured and which cannot be reasonably anticipated by him. Was it a natural and probable consequence to put the gun on the bed under those circumstances for this man to *anticipate* that he was going to be shot?" * * *

* * * * * *

"If he anticipated, *or should have anticipated*, that Bruce would act in the way he did, then the shooting was not by accidental means. On the other hand, if Sherwood King did not anticipate, *or have reason to anticipate, in the light of all the circumstances*, that he would get shot, then his death

would be by accidental means." (Emphasis added.)

Reading the instructions as a whole and considering them in the light of the entire charge, this Court finds no prejudicial error as to any of the challenged instructions or modifications.

Judgment affirmed.