**Henry DRYDEN, Appellant,**

v.

**DAIRYLAND COUNTY MUTUAL INSURANCE CO., Appellee.**

No. 8696.

Court of Appeals of Texas, Beaumont.

March 31, 1982.

Rehearing Denied April 22, 1982.

There is testimony in the record that appellant, Dryden, and appellee, Foster, in the early morning hours of July 31, 1977, were engaged in an argument at a drive-in grocery. This argument ensued after Dryden's relatives threatened to destroy Foster's C–B antenna. Following this argument, Foster, after getting into his automobile and making several defensive driving maneuvers, left the drive-in. Dryden, in his automobile, followed by several of his relatives in a separate automobile, began to chase Foster. Dryden and his relatives chased Foster at high speeds, often in excess of 100 miles per hour, forcing him off the road on several occasions.

There was testimony from which the jury could believe that Dryden almost caused a wreck between the two automobiles as they went through a stop sign at 80 miles per hour. Finally, after approximately thirteen miles of this high speed chase, Foster, in an attempt to scare Dryden and put an end to this dangerous situation, fired a pistol toward the front of Dryden's car. The pistol used by Foster had been left in his car by his brother a day or two before this incident. There was conflicting evidence as to whether Foster showed Dryden and his relatives the gun at the time of the argument at the drive-in grocery; however, Dryden admitted that his "cousins" later told him that Foster had displayed a pistol in the course of the argument and that they were following him on the night of the accident "to try and catch [him] because they thought it was a foolish thing to do to be chasing somebody that had a gun." There was never any physical contact between the two automobiles.

Dryden testified that he was not chasing Foster but that Foster had left the drive-in grocery prior to his (Dryden's) departure and that he caught up with Foster. Foster's car was traveling at a slow rate of speed when he approached it, and Dryden's car was going slowly in front of him; he tried to go around it; it speeded up, and "it would slow back behind it; it would start going slow, and I tried to go around it; and it speeded up, and I got to Evadale, and the car slowed down, and I pulled over and

Robert C. Grossheim, Beaumont, for appellant.

Paul Holmes, Beaumont, for appellee.

CLAYTON, Justice.

Appellant, Henry Dryden, sought recovery for personal injuries against Billy Wayne Foster and appellant's insurer, Dairyland County Mutual Insurance Company, under the uninsured motorist provisions of his insurance policy. Trial was to a jury, and, based upon the verdict, a take nothing judgment was entered in favor of Foster and Dairyland.

went around it, and all I know is I got shot."

Based upon the brief review of the evidence stated above, the jury found that Dryden's "[d]angerous and/or reckless driving in chasing Foster's vehicle" was negligence and a proximate cause of appellant's (Dryden's) injuries, and found that Foster's "[f]iring of a firearm . . . in the direction of Dryden's vehicle" was negligence but was not a proximate cause of Dryden's injuries. The jury further found that "Dryden intentionally caused his own injury . . ." and answered "None" to the damage issue.

■ The automobile being driven by Dryden was owned by his father. It is undisputed that Foster's automobile was an uninsured automobile. The insurance policy issued by Dairyland to the owner of Dryden's automobile provides:

> "To pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

In order to recover under the uninsured clause of the policy (1) the insured must be legally entitled to recover from the uninsured motorist, (2) the injury sustained must be caused by accident, and (3) the injury must arise out of the ownership, maintenance, or use of such uninsured automobile.

■ Appellant's second point of error is that the "trial court erred in submitting special issue No. 3 to the jury, inquiring whether or not the conduct of the plaintiff was intentional, for the reason that such issue was improperly defined by the court and wholly failed to properly instruct the jury on the law and thereby misled them." Appellant presents only a general argument and cites no authority in support of this point. By reason thereof this point has been waived. *Hatch v. Davis*, 621 S.W.2d 443 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n. r. e.); *Highlands Ins. Co. v. Baugh*, 605 S.W.2d 314 (Tex.Civ.App.— Eastland 1980, no writ); *Estate of Blardone v. McConnico*, 604 S.W.2d 278 (Tex.Civ.App. —Corpus Christi), writ ref'd n. r. e., per curiam, 608 S.W.2d 618 (Tex.1980).

■ Appellant next complains of the finding by the jury that he (Dryden) "intentionally caused his own injury on the occasion in question" because of the legal and factual insufficiency of the evidence to support such finding. We have carefully considered the entire record before us, and, based upon the appropriate standard of review as set forth in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951), and in *Rourke v. Garza*, 530 S.W.2d 794, 799 (Tex. 1975), we hold the evidence is legally and factually sufficient to support such finding of the jury. This point is overruled.

■ Appellant's right to recovery under the facts of this case is precluded by the jury's finding that Dryden intentionally caused his own injury. In so finding, the injuries sustained by him were not caused by "accident" within the meaning of that word contained in the uninsured clause of the policy of insurance. The jury obviously did not believe the facts to be as testified by Dryden. The jury, in effect, found plaintiff was the aggressor. An aggressor should expect "his victim to defend himself." *McGowen v. Travelers Insurance Company*, 448 F.2d 1315, 1316 (5th Cir. 1971). See also, *Texas United Life & Casualty Co. v. Parrish*, 217 S.W.2d 691, 692 (Tex.Civ.App.—Fort Worth 1949, writ dism'd); *Republic National Life Insurance Company v. Heyward*, 536 S.W.2d 549 (Tex. 1976); *Releford v. Reserve Life Insurance Company*, 154 Tex. 228, 276 S.W.2d 517, 518 (1955).

In view of the above, it is not necessary to discuss the other points urged by appellant and Dairyland's cross-points.

The judgment of the trial court is affirmed.

AFFIRMED.