**Jack WATSON and Carolyn Boyd, Plaintiffs,**

**v.**

**LIFE INSURANCE CO. OF GEORGIA, Defendant.**

**Civ. A. No. J84–0748(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 16, 1986.

Kellis L. Madison, Pearl, Miss., and Christopher A. Tabb, Brandon, Miss., for plaintiffs.

George F. Woodliff, III and Jeffrey P. Reynolds, Heidelberg, Woodliff & Franks, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on motion of defendant Life Insurance Company of Georgia for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs Jack Watson and Carolyn Boyd have not responded to defendant's motion, although their response is some six weeks overdue. The court has reviewed the plaintiffs' complaint and the discovery appearing in the record, together with defendant's memorandum with attachments, in considering the instant motion.

This is an action to collect benefits allegedly due under two life insurance policies issued by defendant to Jo Ella Watson Collier. Plaintiffs are the beneficiaries under the two policies. Collier died on August 8, 1983, as a result of gunshot wounds she received the day before. Her assailant was Dorothy Lewis, who later pled guilty to manslaughter in connection with her death. It is undisputed that Lewis was sane at the time of the crime, that she was not under the influence of drugs or alcohol and that she was not suffering from any mental disease which robbed her of the ability to perform an intentional act. It appears from the record that the source of the terrible strife between Collier and Lewis was Lewis' belief that Collier was engaging in an extra-marital affair with Mr. Lewis. Lewis fired upon Collier in public and not in self defense.

Lewis was indicted for the offense of murder on October 20, 1983 and on February 7, 1984, pled guilty to a reduced charge of manslaughter. A judgment of conviction was entered in the Circuit Court of Rankin County, Mississippi on February 7, 1984, and Lewis was sentenced on February 17, 1984 to serve 20 years in the Mississippi State Penitentiary.

Defendant's instant motion seeks summary judgment on the basis of an exclusionary provision in each of the two subject policies. Policy No. 77564270, issued to Collier in 1966, states in pertinent part:

> (4) Exceptions—This policy does not cover any loss resulting from ... (c) injuries intentionally inflicted upon the insured either by himself *or by any person other than burglars or robbers.*

(emphasis added). Policy No. 79692159, issued to Collier in 1969, states in pertinent part:

> (4) Exceptions—No benefits shall be payable for death or other loss resulting from ... (c) injuries intentionally inflicted upon the insured either by himself *or by any person other than burglars or robbers.*

(emphasis added).

For purposes of the instant motion, the ultimate inquiry is not whether the exclusion covers the circumstances of Collier's death, as it obviously does, but whether such exclusion is legally valid under Mississippi law. It seems clear that, in the absence of such exclusionary clauses, the circumstances surrounding Collier's death would be deemed "accidental" and that the insurer would be liable for payment of benefits under Mississippi law. As the Mississippi Supreme Court stated in *Occidental Life Insurance Co. of California v. Barnes*, 226 Miss. 396, 84 So.2d 423, 424 (1956):

> Where an insurance policy insures against accidental injury or death, and the policy does not exclude death intentionally inflicted by another, and the insured is injured or killed in a fight he did not provoke, and wherein he was not the aggressor, the injury or death of the insured is accidental within the meaning of the policy.

*See also Benefit Ass'n of Railway Employees v. Harrison*, 233 Miss. 834, 103 So.2d 925, 927 (1958); *Fidelity & Casualty Co. v. Johnson*, 72 Miss. 333, 17 So. 2 (1895).

The rationale underlying this presumption of accidental death was well stated by Judge William C. Keady in *Davis v. Continental Casualty Co.*, 560 F.Supp. 723, 728 (N.D.Miss.1983):

> Thus, it is well settled that there is a distinction between death through accidental means and a true accidental death. Death by accidental means, the relevant standard under defendant's insurance policy, is determined from the position of the insured whereas a true accidental death is determined from an objective viewpoint. Consequently, although a third party may have intended to cause the death of the insured, the insured's death may still have been sustained through accidental means within the definition of accident under the policy.

However, even the court in *Occidental Life* recognized that the rule allowing recovery of death benefits under such circumstances is subject to exclusionary language in a policy. That is, where the policy expressly excepts from its coverage any death resulting from the intentional act of another, the language of the contract will control. 84 So.2d at 424. The validity of such exclusionary language was upheld in an earlier decision of the Mississippi Supreme Court, *Holmes v. American National Ins. Co.*, 142 Miss. 636, 107 So. 867 (1926):

> [T]he policy expressly provides that there shall be no liability for any injury intentionally inflicted for personal reasons; this clause limits the liability of the insurance company to those accidental injuries not intentionally inflicted by another person. The intentional infliction of an injury to the insured may, in a legal sense, be accidental so far as he is concerned, but the policy clearly provides

there shall be no liability for such accidental injuries intentionally inflicted.

To try to make it somewhat plainer: An intentional injury by another may be accidental as to the insured, but the insurance company may provide against payment where such accidental injury is intentionally inflicted upon the insured; and that is exactly what the policy provides in the case before us.

It is, therefore, clear that exclusionary clauses of the type contained in both of the life insurance policies issued to Collier are valid under Mississippi substantive law. In this diversity case, this court is *Erie*-bound to apply Mississippi substantive law in the absence of any evidence from the plaintiffs that the exclusionary clause was the product of any misrepresentations or other forms of overreaching by the insurance company.

Accordingly, this court is of the opinion that defendant's motion for summary judgment should be granted. A separate judgment shall be entered according to the local rules.